Sewall, C. J.
In all cases the demandant is to recover upon proof of the title relied on in the count of the writ, which admits the seisin of the tenant. If the demandant in the case at bar acquired no title by the levy of his execution against Dutton, he had no seisin ; the count is not maintained. For, in that case, the demandant has not been disseised by the tenant; and whether he can prove a title in himself, excepting as an actual seisin is a title until a better title is proved, is not the question now to be decided.
The demandant’s execution having been levied within thirty days after judgment, if he acquired a title by the levy, it must be considered as existing by relation from the time of the attachment, which was made October II, 1811. That at least must be the operation of the levy in the case at bar, as a title to be compared with the title of the tenant under the deed of Dutton, made to the tenant on the 15th of November, 1811, after the attachment.
The supposition made for the demandant, upon which his title rests, is that the release from the Tuckers, in performance of their bargain with the tenant, but written and made, by some unaccountable mistake, to Dutton, conveyed a title to him, which the demandant acquired by his levy; because, against the effect of the execution and levy, the tenant cannot set up the deed made to him by Dutton subsequent to the attachment. And, in fact, Dutton’s deed to the tenant conveyed nothing; for Dutton then had nothing, not even an equity of redemption, which he had any capacity to convey; that deed having been made before the formal reconveyance io Dutton.
*209 *The legal title of the premises in question was then, [ * 225 ] and for aught that appears is yet, in Gage, by virtue of the mortgage to him, subsisting at the time when the Tuckers purchased, when Dutton undertook to convey to the tenant in this action, and at the time of the attachment and the extent of the execution by the demandant. As against Gage, the Tuckers purchased an equity of redemption, but subject to that encumbrance ; as it respects others claiming from them, the whole fee and estate had vested in the Tuckers before the demandant made his attachment. The subsequent deed of Dutton to the tenant was there fore nugatory, as a conveyance of title, and had no operation to defeat a registered deed. The entry under Dutton’s deed by the tenant, or that deed itself, Dutton being in possession, was a disseisin to the Tuckers, which continued when they attempted to reconvey the estate by a release to Dutton. This, if it had been a bargain and sale, would have been without effect, as an attempt to convey a right of action.
And there is a further objection to the operation of that deed, as a conveyance of a title to Dutton. He also was out of possession. Against him the possession was rightfully in the tenant; and Dutton was therefore incompetent to receive a release; which, if it had any operation, was a release to pass the right. The deed relied on, as constituting the title acquired by the levy of the execution, was therefore wholly ineffectual; first, because the releasors had no power to convey an estate against the tenant, then in the legal seisin of the demanded premises; and, secondly, because no release could have any operation to pass the right and title, much less a seisin, of the land, to a person out of possession, one who had by a solemn contract transferred his possession to another, as an estate in fee to be vested in him. (a)
In this view of the case, therefore, and taking it for granted that there is no suggestion of collusion or fraud between Dutton and the tenant, to the prejudice of Dutton’s creditors, the demandant acquired no seisin by his levy upon an * estate, which had never been effectually reconveyed [ * 226 ] to Dutton. He was not, in fact, and he could not be, without a palpable fraud, a party to that conveyance ; which was unaccountably managed by the counsel for the tenant, as acting for him, and not for Dutton. If a party in intention, the rules of law deprived that deed of all effect; nothing passed by it.
*210 There might be a further question, as between Gage and the demandant, if it does not arise between these parties, supposing no title disclosed on the part of the tenant; that is, whether an extent of an estate mortgaged, made by appraisement in the common form, entitles the judgment creditor to a right of redemption. There is a statute which has provided a very different mode of levying an execution, when a right of redemption is to be acquired. (1) I am not prepared to say that a levy upon real estate, which happens to be under a mortgage at the time, if the appraisement is made without any deduction for the encumbrance, might not avail to the judgment creditor, as a title against the debtor, and any claiming under him by a subsequent conveyance; supposing the judgment creditor willing to lose the value of the encumbrance, and to take the estate as absolute in his debtor. But I think the statute is conclusive against a levy of an equity of redemption, recognized, taken, and appraised as such, otherwise than by a sale at auction in the manner prescribed by the statute. How the levy was affected in this case, and whether with any reference to Gage’s mortgage, or by an appraisement of the demanded premises, as a clear and unencumbered estate, does not appear, (b)
We are satisfied that nothing was gained by the levy, in whatever form made, which was intended to be of the estate of Dutton; because he had, at the time, no estate, or demand, or title of any kind, which could be levied upon, in any part of the demanded premises.

Demandant nonsuit.

 Porter vs. Perkins & Al. 5 Mass. Rep. 233. — Thatcher vs. Cobb, 5 Pick. 425. — Ilamblet vs. Francis, 4 Mass. Rep. 78. — Kennebeck Purchase vs. Call, 1 Mass. Rep. 483. — Bennet vs. Irwin, 3 Johns. 366.—4 Dane, Abr. 144, c. 110, art. 5, 826. — Dixon on Title Deeds, 663—665. — 2 Prest. Com. 324. — Sed vide Russell vs. Coffin, 8 Pick 143. — Pray vs. Pierce, 7 Mass. Rep. 381.

 Stat. 1798, c. 77, § 4. And see Barber vs. Root, ante, vol. x. 269.

 Vide White vs. Bond, 16 Mass. Rep. 400.— Cushing vs. Hurd, 4 Rick. 263.-— Carpenter & Ux. vs. Inhab. First Parish in Sutton, 7 Pick. 4.