Jackson, J.,
delivered the opinion of the Court.
The demandant is entitled to recover in this case, as one of the co-heirs of his brother Israel Smith, unless the partition and assignment made by the judge of probate is legal, and sufficient to bar his claim.
Several objections have been made to this partition; but it is not necessary to consider more than one of them, which is decisive in favor of the demandant.
By the statute of 1783, c. 36, the judge of probate is authorized to make partition of all the real estate of an intestate among his heirs. Such partition may also be effected by writ of partition at common law; and also by petition in the common law courts, pursuant to our statutes.
The proceedings in the Probate Courts are not according to the course of the common law; their jurisdiction is special and limited; and the legislature, in giving them this authority to make partition, have limited its exercise by two express conditions. In the eleventh section of the statute before mentioned, in which the authority is given, it is provided that where any minors, or persons non compos, &c., or out of the government, are interested in the estate, the judge shall appoint guardians for the minors, &c., and some discreet person to represent and act for such absent party, before such partition is made. This seems to be the meaning of the clause, although it is somewhat obscurely written.
The guardians and agents here mentioned are to be appointed before the commissioners proceed to make partition, that they may have opportunity to attend the commissioners, while making the partition. It is, then, in the same section, “ provided, [ * 511 ] also, that, before the order of such division issue, * it be made to appear to the judge of probate, that the several persons interested in such estate, if living within this government, and the attorneys of such as are absent, and have attorneys residing within this government, have been duly notified of such partition, and have had opportunity to make their exception to the same.” We must suppose that, under the general words in this second proviso, the guardians and agents before mentioned are included among those who are to be notified; as the legislature would not have provided so carefully that minors, and persons non compos, or absent, should be represented before the commissioners, and have left them without any opportunity to be represented or heard before the judge.
*459 In the present case, it does not appear that either of these requisites of the statute have been complied with. The transaction being of so recent a date, it cannot be presumed that the files or records of the probate office have been lost, or that the tenant is not now able to prove all that took place on that occasion. The fact, then, is, that the demandant was out of the state, and he was not in any manner represented before the commissioners or before the judge.
There are some circumstances in this case, which seem to show in a strong light the propriety of adhering strictly to these provisions of the statute. If the demandant had been duly represented, he might perhaps have satisfied the judge that the six pieces of land were not wholly incapable of division ; and, of course, that it was not necessary to assign all the real estate to one of the heirs; and in that case he would not have been entirely disinherited. (7) If he had failed in this, and it had appeared necessary to assign the whole to one, he, as the only male heir, was entitled by the sixth section of the statute to a preference.
It is not intended now to decide that the judge is bound, in all instances, to make such assignment exclusively to a male heir. But if the demandant had elected to take it, and had offered as good security as any other heir, and in other respects appeared to be as well entitled, the judge would then have been bound by the statute to assign it to * him in preference. He was [ * 512 ] deprived of this opportunity, by not having an agent " appointed for him by the judge, and not being in any manner represented throughout the whole of this transaction.
If the demandant had afterwards accepted from the tenant the sum awarded by the Probate Court, this might have been a waiver of his objection to the want of notice, and an assent to the proceedings, which would have rendered them valid. But the payment made by the tenant, upon the execution mentioned in the report, has no tendency to prove any assent or agreement on the part of the demandant.
It was said in the argument for the tenant, that, as the judge of probate had jurisdiction of the cause, his decree is conclusive; and that the only remedy of the demandant, if aggrieved, was by appeal. This is undoubtedly true in cases where the Probate Court is acting within its jurisdiction, and pursuing the course prescribed by law. If, in such a case, there is an indiscreet exercise of authority, the only remedy is by appeal.
But in the case at bar, the very grievance complained of is, that *460 the party had no notice of the pendency of the cause, and of course no opportunity to appeal. Any party aggrieved at the judgment of a justice of the peace, or of a Court of Common Pleas, may appeal, if he has had due notice of the suit; and when he has had opportunity to appeal, and neglects it, he cannot afterwards bring a writ of error on such judgment. (8) But if judgment has been rendered on the default of the defendant, without any appearance by him, and without a sufficient service of the writ; or, in the Court of Common Pleas, if a sole defendant be out of the state, and judgment be rendered against him, without the continuance required by the statute of 1797, c. 50, the defendant may reverse the.judgment by writ of error. So, if the party die before judgment rendered against him, his executor may reverse it on error. And in all these cases, it is no objection to the writ of error, that the cause was open to appeal; inasmuch as the plaintiff in error had no opportunity to avail himself of that remedy.
[ * 513 ] * It is, then, very evident that, if the proceedings in
the Probate Court were according to the course .of the common law, the decree in question might be reversed for the error before mentioned. But no writ of error lies to the Probate Court. Their proceedings not being according to the course of the common law, a party situated like the present demandant has no means of revising the decree, and causing it to be annulled or reversed, so as to prevent its being produced against him in another cause. He has then, a right, when it is so produced, to aver and prove its nullity
A sentence or decree, thus impeached, is not open to all the objections that may be made to a judgment at common law, when revised on a writ of error. But if it appear that the judge of probate has exceeded his authority; or that he has undertaken to determine the rights of parties over whom he has no jurisdiction, whether the want of jurisdiction arise from their not having been duly notified, not regularly before him, or from any other cause; or that he has proceeded in a course expressly prohibited by law; in all such cases, the party aggrieved, if, without any loches on his part, he has had no opportunity to appeal, may consider the act or decree as void.
In the case of Wales vs. Willard, cited in the argument, it was decided that an original administration, granted more than twenty years after the death of the intestate, was merely void, because it was prohibited by statute. So, in Hunt vs. Hapgood, (9) and in Sumner vs. Parker, also cited at the bar, decrees which the Probate Court was not authorized to make were held to be void.
*461 The defect is not confined to what may be considered strictly a want of jurisdiction of the cause ; but if "the inferior tribunal proceed in a manner prohibited, or not authorized by law, the proceeding is void; insomuch that a party, arrested by the process, may maintain an action for false imprisonment. In Smith vs. Boucher & Al., (10) it appeared that the vice-chancellor of Oxford had authority to arrest any defendant to answer in his court, upon the plaintiff’s * making oath that he be- [ * 514 ] lieved the defendant would run away, &c. The plaintiff in that case had sworn that he suspected, riot that he believed, the defendant would run away ; and the warrant to arrest was held void for that cause. The opinion of the court in Perkin vs. Proctor & Al., (11) and the cases there cited, furnish a strong authority to the same point. In Cole’s case, (12) one was convicted before a justice for shooting with a hand gun, and was committed until he should pay a fine. On habeas corpus, the record was certified into the King’s Bench, and it was there held that, if the justice did not observe the form prescribed by the statute, there was no need "of any writ of error; but that the conviction was void, and coram non judice; but if the justice proceeded according to the statute, the party convicted would have no redress. So if one be attainted of felony, and afterwards this felony is pardoned by a general pardon, hereby the foundation, viz., the offence, being discharged and pardoned, the attainder (being built thereon) cannot stand, but may be falsified and avoided by plea; for the party has no remedy, by writ of error or otherwise, to reverse the attainder. (13) Again, in Bullen vs. Godfrey, (14) a fine imposed by the steward of the Ieet on twelve men jointly, when each ought to have been fined severally, was adjudged bad. And the plaintiff, one of the twelve, being distrained for the fine, it was held that he might avoid it by plea, although the leet was a court of record; for other remedy was not given him. (15)
There are two cases in Hardres, 478 and 480, which confirm the opinion we have adopted on this occasion.
Upon the whole, we are all satisfied that the demandant, in the case at bar, is not concluded by the decree of the Probate Court. It is void as to him; and he is entitled to recover ,his share of the estate of his brother, as if the partition and assignment had not been made, (a) Judgment on the verdict.

 Vide the opinion of Parsons C. J., in Hunt vs. Hapgood & Al., 4 Mass. Rep. 121

460-9"> 4 Mass. Rep. 171. — See, also, the case of Jalier vs. Hunt, supra, p. 300.

 4 Mass. Rep. 117.

 2 Stra. 993.

 2 Wils. 382.

 W. Jones, 170.

 3 Inst. 232.— 6 Co. 14, Cases of Pardons, S. P.

 1 Rol. Rep. 73.

 11 Co. 44. — S. C. and S. P.

 Chase vs. Hathaway, 11 Mass. Rep. 222. — Proctor vs. Newell, 13 Mass. Rep 81.— Wait vs. Maxwell, 5 Pick. 217. — Hathaway vs. Clark, 5 Pick. 490. — Halyoke vs. Haskins, 5 Pick. 20.