NEW-YORK,
May, 1823.

VAN ALSTINE
v.
BROWER.

VAN ALSTINE *against* BROWER.

THE plaintiff was ruled to *assign errors.* Pending this rule, his attorney *filed* an assignment of errors, and gave a copy thereof to *Mr. Chamberlin,* who undertook to *serve* it on the defendant's attorney ; but forgot to do this, until, the rule to assign errors having expired, the plaintiff's default was entered, and a rule for judgment of *non pros* was taken against him.

*Dodge,* on these facts, moved to set aside the default and all subsequent proceedings, upon payment of costs ; which I opposed, upon the ground, that the defendant being regular, merits, or some legal ground for prosecuting the writ of error, ought to appear by affidavit, or otherwise ; But,

WOODWORTH J. observed, that the rule requiring merits to be shown, in order to relieve the party against a default, had never, within his recollection, been extended to this case.

Motion granted.

*Merits need not be shown, to obtain relief against a regular default, accidentally incurred, for not assigning errors.*

and that the defendant might be let in to plead his discharge. To this plea the plaintiff might reply *fraud,* and thus put in issue the legality of the discharge. This will be doing justice to both the plaintiff and defendant. The judgment might perhaps be allowed to stand as a security for the final result.

In this case the following order is made : let the defendant be discharged from imprisonment under the *ca. sa.* upon filing good special bail. Let the judgment and default be set aside, and the defendant plead his discharge as of the term next after such discharge. The plaintiff to have leave to traverse or plead to the said discharge, and the defendant to pay all the costs which have accrued from the time he so obtained the discharge.

*Phœnix,* for Defendant.
*Woodsworth,* for Plaintiff."