Wood, Judge.
The question arising upon the state of facts in this case, is, who has the legal title to the land in question, as between these parties ? If the title is not in the defendant, by the conveyance of the guardian, under the proceeding and the authority of the court of Common- Pleas of Ashtabula county, the plaintiff is entitled to judgment; for the defendant relies alone on this conveyance.
The plaintiff’s counsel contend that the proof, to show Niles was guardian, is insufficient, because it does not appear the bond required .by law was given, or that letters of guardianship were ever issued.
The statute provides as follows : “ Which said guardian or guardians shall, before entering on the discharge of the duties of his or their appointment, in every case, give bond to the state of Ohio in such sum, and with such security, as shall be approved of by the court, conditioned,” etc.; which bond shall be filed with the clerk, etc. Swan’s Stat. 430, see. 1. The journal entry shows that a bond was ordered in the sum of $1,400; that the sureties were named and approved ; and that all the subsequent proceedings- of the guardian in the final disposition and sale of the land to the defendant were ratified and confirmed by the court. The law does not require the bond to be carried into the record. Can it be supposed that the court, where it ratified *208 the sale, did not know whether the bond was executed or not ? Can it be supposed that the court would have empowered the guardian to sell, and invest himself with the ward’s money, until the bond was filed ? To draw such conclusion, would be to say the court of Common Pleas did not know, or did not discharge its duty. Such an inference *would be unwarranted and unjust, and does not exist in eontem- [201 plation of law, until clearly shown.
If A authorize B to do an act, B’s authority must be proved ; but when a court of general jurisdiction is required to exercise its powers upon a given state of facts within that jurisdiction, to be proven before it, from the action of the court, the requisite proof is presumed to have been given, and the existence of the facts can not afterwards be collaterally questioned. Pillsbury and Sargeant v. Dugan’s Administrator, 9 Ohio, 117. The letters of guardianship., if the statute required them to be issued, might be viewed in the same light. The statute, however, imposes no such requisition. The guardian derives his authority from his appointment, which is of record, and the appointment and the bond qualify him to enter on the discharge of his duties.
It is also said that Files was not, in fact, guardian, because the plaintiff’s lessor was not, at the time of the appointment, a minor, within the county of Ashtabula; and that the court of Common Pleas had, therefore, no jurisdiction to make the appointment. This is, perhaps, the most difficult question, and the most important in the case ; and if the fact be as supposed, the proceedings of the court of Common Pleas, and of the guardian under them are a nullity, and the defend'ant, consequently, has no title to the land in question. Every court, that its proceedings may be of any validity, must have jurisdiction over the subject matter ; and to have jurisdiction over the subject matter, in this case, the court of Common Pleas must, also, have acquired jurisdiction over the person of the minor for whom the guardian was appointed, at the time when the appointment was made, by his being within the county of Ashtabula. And if the plaintiff’s lessor was not so within the county, the court had no jurisdiction ; and the fact may be shown, and the proceedings impeached, in this collateral way. Ludlow’s heirs v. McBride, 3 Ohio, 240 ; Holyoke v. Haskins and wife, 5 Pick. 19; Borden v. Fitch, 15 Johns. 121, 123 ; Smith v. Rice, 11 Mass. 507 ; Perry v. Brainard, 11 Ohio, 442 ; Hall and others v. Williams and *others, 6 Pick. 232 ; Latham v. [208 Edgarton, 9 Cowen, 227 ; Snyder v. Snyder, 6 Binney, 483.
*209 The statute enacts that the court of Common Pleas shall have power, whenever they consider it necessary, to appoint a guardian, or guardians, to all minors, within their county, etc. Swan’s Stat. 430, sec. 1. It is, therefore, essential, at the time of the appointment, that the minor should be within the county, to confer jurisdiction. If the record found the fact, it could not be disproved in a collateral proceeding ; but, as it does not, it is open to inquiry.
Was the minor, then,within the county at the time of the appointment.
We suppose it to be law, that the legal settlement of the husband draws to it the legal settlement of the wife. Peter Seeley had his place of legal settlement in Mentor, in Geauga county, in 1830, when his wife, the mother, taking with her the plaintiff’s lessor, left him, and went to the county of Ashtabula. She could acquire no legal settlement there, neither by her marriage with her adulterer, nor by her actual residence; because Peter Seeley, her lawful husband is still living in Mentor, and his place of legal settlement is consequently hers. She did, however, actually reside in Ashtabula county, for several years, and when this appointment of guardian was made. Did not her actual residence there, draw to it the constructive residence of the plaintiff’s lessor ? We are of the opinion that it did. It is true, she had, by her covenant, bound him to Patterson, where his actual residence was. That covenant, however, was of no validity. It was the co venant of a feme covert, not sanctioned by the husband, and in which he had not joined. The father is the natural guardian of his minor children. On his death, the mother is, by nature, guardian of those of tender years, and entitled to their custody and control. If she marry, unless the children reside at home, the stepfather, as distinct from the mother, has no authority over them. It seems, then, to us, to follow that, as her covenant with Patterson was of no obligation, the mother of the plaintiff’s lessor, he being of tender years, had 209] the right, at any ^moment, to call him to her. Her actual, was his constructive residence; and he was, therefore, when the guardian was appointed, constructively, with his mother, in the county of Ashtabula. It will hardly be contended that an actual residence is necessary to give the court jurisdiction of the appointment. Such appointment would scarcely be questioned, when the actual residence of the minor was in the county, but at the moment of the appointment, he was over the county line, for a temporary purpose, merely. He would be considered as, constructively, within the county, and the appointment would be valid.
*210 It is said, by the plaintiff’s counsel, lastly, that the court of Common Pleas of Ashtabula county had no jurisdiction over the subject matter, so as to order the lands of the minor to be sold, which were situated in the county of Geauga.
We entertain a different opinion. If this power do not exist, it is very certain that a minor’s lands, out of the county in which he resides, could, under no circumstances, be put to sale. The guardian must be appointed in the county where he resides ; and the statute provides that the court, appointing the guardian, may empower him to sell the land, etc, If he have no power to sell land in another county, the Common Pleas had no jurisdiction over the subject matter, and all the proceedings are void. We should, however, hesitate to adopt that conclusion.
The statute does not, in ter-ms, certainly, confine the sale to lands lying in the county ; but provides that the guardian; in making sales, shall be governed by the same regulations as are required of administrators, in the sale of real property ; and, in the case of the lessee of Avery v. Pugh, 9 Ohio, 67, it was decided by this court, that the Common Pleas of any county might direct an administrator to sell the real estate of the decedent, in any other county.
We have, therefore, come to the conclusion, that the proceedings of the guardian, can, and ought to be sustained, and that judgment should be given for the defendant.
Judgment for defendant.