## JOHN S. ABBOTT *versus* ALBERT STURTEVANT.

After the attachment of an equity of redeeming mortgaged land, no conveyance made by the debtor can lessen the creditor's rights.

By an officer's sale of such an equity, the purchaser takes a right to the immediate possession of the land, (except as against the mortgagee,) and may maintain trespass *quære clausum* against one exercising ownership under any conveyance made by the debtor after the attachment.

Persons claiming under such a conveyance do not hold by a seizin adverse to that of the debtor.

It is not indispensable that the officer's deed should be made on the day of the sale. If made so soon afterward, that it may be regarded as a part of the sale-transaction, the deed and the purchaser's right under it will have relation back and take effect from the time of the sale.

GEORGE C. HALL owned the equity of redeeming certain mortgaged real estate. It was attached on a writ in favor of Bunker. After that George C. Hall conveyed away his said right. Bunker, having obtained judgment in his suit, caused the equity to be seized on his execution within thirty days from the judgment, and the same was sold by the officer to the plaintiff. At the time of the sale, the defendant was occupying the land, as a tenant under Elijah Hall and Ephraim Hall, who had acquired the rights which George C. Hall, after the attachment had sold as above named. This suit is brought

to recover for pasturing cattle and cutting hay upon the ground between the time of the purchase and the bringing of the suit. Said sale to the plaintiff was made on the 20th of May, 1844. The officer's deed was made, acknowledged, delivered and recorded, August 6, 1844. The suit was brought on the 21st of August, 1844.

The case was submitted for the decision of the Court.

*May,* for defendant.

Under the statute of 1821, such a deed gave seizin, if the debtor had it, and also constructive possession in addition to the title.

But under R. S. nothing passes by such a sale except the naked "title." chap. 94, § 39. The intent undoubtedly was that debtor should hold possession, until evicted by law. Hence, the creditor may recover in his suit for the rents and profits. chap. 145, § 14. In the sale of an equity, there is no delivery of seizin, except a momentary one, when a third person is seized. chap. 94, § 18. And the tenant is not to be expelled. The creditor took but a *right* of entry and of possession. *Langdon* v. *Potter*, 3 Mass. 215 ; *Gore* v. *Brazier*, 3 Mass. 537.

Else, why was the statute of 1821 repealed? This view is confirmed by that provision, relating to the setting off an equity, which prohibits the tenant to be ousted, and only assigns the debtor's right. chap. 94, § 17.

George C. Hall, the debtor, was disseized by the deed which he gave of the equity. The purchaser, therefore, took but a right of entry, and this suit cannot be maintained.

*Abbott, pro se.*

Tenney, J. — The statute of Massachusetts, passed March 17, 1784, chap. 57, § 2, provided, that where land should be set off on execution to a creditor, and seizin and possession be given to him by the officer who should make the levy, and the execution and the doings thereon be returned to the clerk's office, and be recorded within three months in the registry of deeds, in the county where the land should lie, such proceed-

ings should make as good a title to the creditor, his heirs and assigns, as the debtor had therein. The statute, passed in 1821, of this State, chap 60, § 27, was similar. The only mode provided by the statutes of Massachusetts before our separation, or by the statutes of this State, previous to the passage of the Revised Statutes, for the levy of an execution upon the right in equity of redeeming real estate under mortgage, as such, was by a sale at auction, in the mode prescribed· in the act of Massachusetts of 1798, chap. 77, § 4, and in the act of this State, of 1821, chap. 60, §§ 17 and 18. And by these statutes all deeds, made and executed according to their provisions, were declared to be effectual to all intents and purposes to convey the debtor's right in equity to the purchaser, his heirs and assigns, as if the same had been made and executed by such debtor. But a levy, being made by an extent upon land, as the estate of the debtor who held it only as a mortgager, would have the effect to pass the right to the creditor, against the debtor or those claiming under him, if no deduction was made in the appraisal on account of the incumbrance. *Warren* v. *Childs*, 11 Mass. 222; *White* v. *Bond*, 16 Mass. 400; *Litchfield* v. *Cudworth*, 15 Pick. 23.

In decisions under these statutes, it has been held, that when the creditor has extended his execution upon the real estate of the debtor, and received from the officer seizin and possession, he not only acquired all the title which the debtor had in the premises, but if the debtor was disseized and had not lost his right of entry, the disseizin was so far purged, that the creditor could maintain a writ of entry, or an action of trespass at his election. *Gore* v. *Brazier*, 3 Mass. 523; *Nickerson* v. *Whittier*, 20 Maine, 223; *Woodman* v. *Bodfish*, 25 Maine, 317.

When the levy was made by a sale of the mortgager's right of redeeming, the purchaser acquired the title and the seizin of the debtor, inasmuch as the debtor's deed would convey both if they were in him, and might recover in a writ of entry against the debtor or a stranger, unless the latter had in fact disseized the mortgager, before the sale of the equity. *Wellington* v. *Gale*, 7 Mass. 138; *Porter* v. *Millett*, 9 Mass. 101;

*Fox* v. *Harding*, 21 Maine, 104. But if the debtor was disseized at the time of the purchase of his right, the purchaser acquired the debtor's title, but not the seizin as the creditor did in the case of the levy by an extent upon the land. *Poignard* v. *Smith*, 6 Pick. 172. In this last case cited, the Court say, "If the mortgager was seized at the time of the seizure on the execution, then the sheriff's deed would have conveyed his seizin to the purchaser, for the statute gives the same effect to the sheriff's deed, as the mortgager's would have, had he himself conveyed the right of redemption, or the land subject to the mortgage; but if the mortgager was not seized at the time of the sale, then the sheriff's deed could not convey a seizin, but only a right of entry, which must be executed before a writ of entry could be maintained, in which the demandant should declare on his own seizin."

In the Revised Statutes, essential changes have been introduced touching the levy of executions, both by an extent upon the land and by the sale of the mortgager's right of redemption. In the former case, all the debtor's interest in the premises shall pass by the levy, unless it be larger than the estate mentioned in the appraiser's description. R. S. chap. 94, § 10. And the officer shall deliver seizin and possession so far as the nature of the estate taken and the title of the debtor will admit. Sect. 17. When an execution is levied upon land, into which the debtor has, or is supposed to have the right of entry, and of which any other person is then seized, the officer shall deliver to the creditor a momentary seizin and possession of the land, so far as to enable the creditor to maintain an action therefor in his own name, and on his own seizin; but he shall not actually expel and keep out the tenant then in possession, against his will. Sect. 18. The right of redeeming mortgaged estate, may be taken and set off on execution for the mortgager's debts, in like manner as though they were not mortgaged, excepting that the appraisers shall deduct the amount of the mortgage debt. Sect. 31. Or the right of the mortgager may be taken and sold, in the same manner as under former statutes, and the deed to be given by

the officer to the purchaser, being recorded in the registry of deeds, in the county where the land is situated, within three months of the sale, shall convey to the purchaser all the title, which the debtor had in the premises. Sect. 39.

It is obvious from these modifications, that it was not designed that the creditor's or the purchaser's rights should be enlarged, but in some respects restricted. Where the debtor is not seized of the land, upon which an extent is made, the creditor is not to be put into the actual possession of the land as he would be by virtue of a writ of possession, so that he could maintain trespass against the one in its occupation, but is to have a momentary seizin, so as to be able to sustain an action upon his own seizin to obtain possession, if he has the title. The Legislature has provided, that the creditor should be placed in the same situation after the levy, that the debtor was before, and has afforded him the opportunity to try the title with the tenant, upon the seizin obtained from the officer, but has restrained him from substituting himself without judgment of law, in the place of one having peaceable possession.

When the levy was made by a sale of the debtor's right, as a mortgager, and the debtor was disseized, the condition of the purchaser under the statute of 1821 was not materially different from that in which he is placed by the Revised Statutes. By the former statute, he obtained the same rights, which he would have done by the debtor's deed; this was the title of the debtor, but not seizin, because it was not in the debtor or any one claiming under him. By the present provisions, the officer's deed gives him the debtor's interest in the land, but if the debtor is disseized, he does not acquire the possession.

If the debtor has the possession at the time of the officer's sale of the equity of redemption, the purchaser succeeds to that possession as he did under the statute of 1821.

It is contended by the counsel for the defendant, that if the mortgager conveys the land after its attachment on the writ, and before the seizure and sale on the execution, the possession of the grantee under the deed is a disseizin of the mortgager; and that the purchaser of the equity does not obtain thereby

such a seizin as will enable him to maintain an action of trespass, notwithstanding he may acquire the title of the mortgager. To constitute a disseizin of the true owner, it is well settled, that the possession must begin and continue to be adverse to his title. The possession under a deed from him, is in submission to his rights, as they actually existed before the conveyance; the grantee acquires nothing beyond that which was held by the grantor before the deed; he is in all respects placed in the situation of the one from whom he derives all his interest, and is equally affected by any existing lien or incumbrance. It is not in the power of the grantor by giving a deed, or the grantee by receiving it, to change in any manner the relations, which others hold to the estate.

The levy of an execution by an extent upon land attached upon the writ, made within thirty days after judgment, by the statute, passes the title which the debtor had at the time of the attachment, by relation to that time as effectually as it would pass by the conveyance of the debtor. *Brown* v. *Maine Bank*, 11 Mass. 153; *Nason* v. *Grant*, 21 Maine, 160. The sale of an equity of redemption will have a similar effect upon the mortgager's rights previously attached, and will defeat all titles subsequent to the attachment. *Bigelow* v. *Wilson*, 1 Pick. 485. The purchaser of an equity of redemption attached before the conveyance by the mortgager acquires all the interest, which the latter had at the time of the attachment; the grantee holds the title and the possession of the grantor as it was, when attached; and when the sale is perfected, the rights of the grantee are as perfectly extinguished as the rights of the grantor would have been, if no conveyance had been made.

The disseizin of the debtor, which will operate to prevent the creditor from obtaining actual possession of real estate by virtue of a levy made in pursuance of R. S. chap. 94, sect. 18 and 31, or by a sale under sect. 39, is that, when the debtor was disseized by a possession adverse to his title, and not by a conveyance made by him.

George C. Hall was the owner of the equity of redemption,

when the attachment was made on a writ in favor of W. J. Bunker, against him and others. Judgment was obtained, and upon an execution, which issued thereon, Hall's right was seized and sold according to law, to the plaintiff, before the attachment expired. At the time of the officer's sale, which was on May 20, 1844, the defendant was in possession of the land as the tenant of Elijah Hall and Ephraim Hall who had obtained the title of George C. Hall, after the attachment. The plaintiff acquired by his purchase all the interest which George C. Hall had at the time of the attachment on the original writ, which interest was his title and possession. The defendant having occupied the premises after the purchase by the plaintiff and the delivery of the deed by the officer to him, without his authority, became a trespasser upon his rights, unless he held possession under a title paramount to that of the plaintiff. It was insisted, at the trial, that he did hold under such title, and evidence thereof was offered and rejected by the Court, on the objection of the plaintiff. This evidence was, that the defendant occupied under authority of the assignee of the mortgage of Hall. The assignee never having taken possession under his mortgage, could not confer the right contended for, and the evidence was properly rejected.

Another question involved in the case is in reference to the damages. Is the plaintiff entitled to recover on account of the occupation of the land by the defendant, after the officer's sale and before the delivery of the deed to him ? The debtor's right to redeem, being seized on execution, advertised and sold in pursuance of the provisions of the statute, and a good and sufficient deed thereof executed and delivered by the officer to the purchaser, duly recorded, conveys all the title of the debtor in the premises. R. S. c. 94, § 39. To become effectual, these different steps of the proceedings, must be parts of the same transaction and have relation to each other. The deed required, though not delivered, or actually made on the day of the sale, does not necessarily fail to be operative on that account. The officer may be prevented by causes over

which he has no control, from making the return upon the execution, and preparing, executing, acknowledging and delivering the deed, at the time, when the purchase is made. But if it is delivered so soon afterwards, that the whole proceedings will vest a title in the purchaser, every thing is considered as having relation to the day of the sale, and the interest of the debtor passes at that time to the one who made the purchase, and he is entitled to all the benefits thereof, notwithstanding the deed may not have been actually received till afterwards. According to the agreement of the parties,

*Judgment for the plaintiff.*