## John McGregor *vs.* Elisha Williams & another.

A levy of an execution upon mortgaged real estate, in pursuance of Rev. Sts. *c.* 73, § 31 is invalid, if the appraisers materially over-estimate the amount of the incumbrance. Estimating the incumbrance at $300, when in fact it is only $104, avoids the levy.

WRIT OF ENTRY. The demandant gave in evidence a deed from the Essex Company to James D. Ryan, dated May 9, 1846 ; one from said Ryan in mortgage to said company of same date; a deed of assignment from said company to the demandant, dated April 16, 1850; a deed from James D Ryan to Jeremiah Ryan, dated January 2, 1847 ; a deed from said Jeremiah to the demandant in mortgage, dated October 3, 1848, and a deed from said Jeremiah Ryan to the demandant, dated January 2, 1850, all which deeds contained a description of the premises described in the writ.

The tenants produced the record of the case *Williams & another* v. *Jeremiah Ryan,* from which it appeared that the premises in controversy were attached upon a writ in favor of the tenants against Jeremiah Ryan, on the second day of February, 1847 ; that judgment was obtained November term, 1848, and execution sued out and levied on said premises November 24, 1848. It appeared that on the 24th day of November, 1848, there was due on said mortgage from James D. Ryan to the Essex Company, the sum of $104.08. The appraisers, in making the levy, deducted the sum of $300.43 as the amount due on the mortgage.

The tenants then called Bailey Bartlett, the officer who served the execution, who swore that after said execution was put into his hands, he endeavored to ascertain the amount due the Essex Company on the mortgage aforesaid, and for that purpose went to the office of the Essex Company in Lawrence, and inquired of Mr. Cabot, a clerk in said office, if any thing had been paid on said mortgage. The answer of Mr. Cabot was objected to and admitted by the court, and the witness said that Mr. Cabot answered " that he believed nothing was paid on said mortgage ; that he did not keep the papers, but he believed nothing had been paid." That he also inquired of

Jeremiah Ryan whether any thing had been paid on the said mortgage, and he answered, " I must look to the records; that would show me." Said Ryan chose one of the appraisers and gave the officer notice.

By consent of parties, the case was taken from the jury, the court to draw any inferences as to facts that a jury might, and to enter such judgment as is proper.

*N. W. Harmon*, for the demandant.

*O. P. Lord*, for the tenants.

BIGELOW, J. The demandant shows a valid title to the premises in dispute, and is entitled to recover, unless the tenants have acquired a title thereto under a levy of an execution in their favor against Jeremiah Ryan, made on the twenty-fourth day of November, 1848. The only question raised in the case is as to the validity of this levy.

It appears by the officer's return that, in making the levy, the appraisers deducted, as the amount due on a mortgage upon the premises at the time of the levy, the sum of three hundred dollars and forty-three cents. It is proved that in fact, at that time, there was due on said mortgage only the sum of one hundred and four dollars and eight cents. The demandant contends that this error in the appraisement is fatal to the validity of the levy. By Rev. Sts. *c.* 73, § 31, under which the officer proceeded in making this levy, it is provided that in levying executions upon mortgaged estates in the common form as upon unincumbered property, "the appraisers shall deduct the value of the incumbrance or the amount of the mortgage debt, when known, from the estimated value of the premises." The object of this provision was to permit a creditor to levy on land, when incumbered with mortgages, having proper allowance made to him in the appraisement for all incumbrances then known to exist. Prior to this enactment, the creditor was obliged either to sell the right in equity to redeem the premises, according to *St.* 1798, *c.* 77, or to levy on the property, disregarding the mortgage, as upon an unincumbered estate. In the latter case, he could have no allowance for the sum due on the mortgage. Both these modes worked no prejudice to the debtor. In either case, the

full amount of his interest in the premises was taken into account in satisfying the execution. *Warren* v. *Childs*, 11 Mass. 222; *White* v. *Bond*, 16 Mass. 400; *Litchfield* v. *Cudworth*, 15 Pick. 23, 27; *Mechanics Bank* v. *Williams*, 17 Pick. 438; Rep. of Com. on Rev. Sts. 103. The sole purpose of the provision in Rev. Sts. *c.* 73, § 31, was, therefore, for the benefit of the creditor, that he might have proper allowance made to him for any mortgage on the premises levied upon; but it was not intended in any way to affect the interests or impair the rights of the debtor. But it is quite obvious that such would be the effect of the construction contended for by the tenants. If the appraisers over-estimate the amount due on a mortgage, they necessarily diminish the value of the debt-or's interest in the estate, which is to be taken on the execution. The greater they find the incumbrance to be on the estate, the more of it will be necessary to set off in order to satisfy the execution. The effect, therefore, of a levy, where the amount of the debt due on a mortgage is over-estimated, is to transfer to the judgment creditor more of the estate than he is fairly entitled to, and the judgment debtor, or those having his estate in the premises, are thereby deprived of the benefit of the true value of the estate, to the extent of the over-estimate of the incumbrance. *Root* v. *Colton*, 1 Met. 347. In the present case, the real value of the debtor's interest in the property was one hundred and ninety-six dollars greater than was actually allowed for by the appraisement. To that amount the debtor and those claiming under him will be damnified, if this levy on the estate is held valid. The law does not authorize such manifest injustice.

The true intent of the statute is that a levy shall be made in the mode therein prescribed, when the amount due on the mortgage is known, so that it can be truly estimated. If it is not known, the creditor may either satisfy his execution by a sale of the right in equity to redeem, under Rev. Sts. *c.* 73, §§ 37–40, or he may set off the estate under § 31, taking care in the latter case that any sum allowed by the appraisers for an incumbrance, the amount of which is not known, shall not exceed the true amount due thereon. The rights of the

McGregor *v.* Williams & another.

debtor and those having derivative interests under him, will then be protected. But if the creditor proceeds under § 31 the amount of the mortgage must be known and accurately allowed for in the appraisement. If it is over-estimated, the levy will be void, because thereby the rights of the debtor and those holding the premises under him, will be prejudiced and impaired. In such cases, the creditor must proceed at his peril in ascertaining the amount actually due upon a mortgage. It is not made the duty of the debtor to disclose it. All that he by law can be asked to do, is to appoint an appraiser. He cannot be made responsible for the correctness of the proceedings in making the levy.

It was urged by the counsel for the tenant, that in the absence of fraud and collusion, the error in estimating the amount of the mortgage debt ought not to vitiate the levy, because the appraisers having acted honestly, the mistake was a mere error in judgment of a matter within their discretion, to which no exception could be taken. But this is not so. The appraisers have no discretion. The statute requires them to deduct the amount of the mortgage debt, if known. In the present case, therefore, if the amount of the mortgage debt was known, the appraisers did not estimate it truly, and so failed to perform the duty required of them by statute. If it was not known, then the levy is void in consequence of the over-estimate of the amount of the mortgage debt, for the reasons above stated.

It was also urged that the demandant was estopped to invalidate the levy on the ground of error in deducting the amount of the incumbrance, by the answer given to the officer by Jeremiah Ryan, under whom the demandant claims title to the premises. But we can see *nothing in that* answer to create such estoppel. It neither affirmed nor denied any fact material to the appraisement, but left the officer to ascertain the amount of the mortgage debt from other sources.

The result is that the tenants, claiming under a title acquired by statute, have failed to show a valid levy in compliance therewith, and cannot, therefore, hold the premises as against the demandant.                *Judgment for the demandant.*