TANDY *v.* ROWELL & A.

In a *scire facias ad audiendum errores* it should appear that the alleged erroneous judgment was recovered in a court of record.

When the *scire facias* is defective, the court, in the exercise of its discretion, may permit the plaintiff in error to take out a new *scire facias,* returnable at a subsequent day in the term, or at the term next ensuing.

A writ of error is a writ of right. No security for costs is required. It does not operate as a *supersedeas* in our practice. But the court may, upon ground being shown, issue a *supersedeas,* or injunction, in which case the plaintiff will be required to give bond to respond damages and costs in case the judgment should be affirmed.

The date in the return upon the writ of error may be amended to conform to the truth of the case.

The court may, in its discretion, allow the transcript of the record in the court below to be annexed subsequent to the return day.

If the defendant in error pleads in bar, he will be regarded as waiving an objection for the want of a seal upon the *scire facias.*

WRIT OF ERROR, to reverse a judgment recovered by the defendants in error against the plaintiff in error, at the October term, 1869, of the supreme judicial court for this county. The error assigned is one of fact,—that at the time the judgment was rendered the plaintiff in error was a minor, under the age of twenty-one years; that the judgment

was rendered upon his default, he not appearing to answer; that he had no guardian, and that no guardian *ad litem* was appointed for him by the court.

The defendants in error moved " to quash the *scire facias* " for the following reasons:

1. Because the writ of *scire facias* is brought while the writ of error is pending.

2. Because it is not alleged in what court the said supposed judgment was rendered.

3. Because there is no allegation in the *scire facias* that the court, whose proceedings are complained of, acted as a court of record.

4. Because, in the declaration of the writ of *scire facias*, error in fact and error in law are assigned together.

5. Because there is more than one supposed error in fact assigned in the *scire facias*.

6. Because there is no allegation in the *scire facias* that the plaintiff in error was the defendant in the original action, or that the defendants in error were the plaintiffs in the original action.

7. Because there is no allegation in the *scire facias* that the default and non-appearance of the plaintiff in error appears of record.

8. Because there is no allegation in the *scire facias* that, in the record and proceedings aforesaid, there is manifest error.

9. Because the assignment of errors in the *scire facias* contradicts the record aforesaid.

10. Because there is a variance between the declaration in the writ of *scire facias* and the declaration in the summonses to said writ.

11. Because there is no legal service of said writ.

The defendants in error moved to quash the writ of error for the following reasons:

1. Because the writ of error was obtained without filing a bond for costs.

2. Because there is not upon the records of the supreme judicial court any such declaration between these parties as is set forth in the writ.

3. Because no error appears in the record sent up to this court.

4. Because there is a variance between the date of the writ and the date of the certificate made by J. EVERETT SARGENT, chief justice of the supreme judicial court, on said writ. The writ of error bears date, to wit, this thirteenth day of October, A. D. 1873, while the said certificate indorsed on said writ bears date, to wit, this thirteenth day of June, A. D. 1873.

5. Because there is not a legal or sufficient return of said writ.

6. Because no matter of law appears upon the face of the proceedings complained of.

7. Because there is no transcript of the record of the proceedings and judgment named in the writ aforesaid, annexed to said writ."

*L. T. Flint*, for the plaintiff in error.

*George Storrs Blanchard*, for the defendants in error.

ISAAC W. SMITH, J.   A defect in the summons which accompanies the ordinary writ of attachment, or a defect in the service of the same, is reached by plea in abatement, or by motion to quash the writ, if seasonably made.   We will consider the motion " to quash the writ of *scire facias*," as if it were a motion to dismiss the writ of error for defects in the *scire facias*.

1. The first reason is frivolous as well as groundless.   It is true that where a writ of error is brought to reverse a judgment, a *scire facias* on that judgment will not lie while the writ is pending, and the pendency of the writ of error is a good plea to the *scire facias*.   2 Ld. Raym. 1295; Story's Pl., 2d ed., 374.   The counsel for these defendants has confounded such a writ of *scire facias* with the writ of *scire facias ad audiendum errores*.   The latter writ issues as a matter of course, its office being to make known to the defendant in error to appear before the court at a specified term, to hear the errors, and show cause, &c. Its office is analogous to that of the summons which accompanies a writ of attachment,—but with this difference, however, that the form, contents, and service of the latter are prescribed by statute, while there is no statute or rule regulating the form, contents, or service of the *scire facias*.

2. The *scire facias* reads as follows : " Whereas, at the complaint of Sylvester C. Tandy, of Concord, in said county, yeoman, a certain plea of the case, prosecuted at a court holden at Concord aforesaid, on the first Tuesday of October, A. D. 1869, by Charles P. Rowell and Edwin D. Clough, both of said Concord, as partners in business, against said Sylvester C. Tandy, together with the proceedings and judgment therein, are ordered by our writ of error," &c.

The alleged erroneous judgment must have been rendered in a court of record, and acting according to the course of the common law.   A writ of error, therefore, does not lie to a court of probate, or to a court martial—1 Salk. 263, *Com.* v. *Ellis*, 11 Mass. 466, *Smith* v. *Rice*, 11 Mass. 507, *ex parte Dunbar*, 14 Mass. 393, *Rochester* v. *Roberts*, 25 N. H. 510—nor to reverse a judgment from which an appeal might have been claimed—*Medcalf* v. *Swett*, 1 N. H. 338—nor where the party could have taken an exception—*Flanders* v. *Bank*, 43 N. H. 383, *Peebles* v. *Rand*, 43 N. H. 337—and generally where the defect could have been pleaded in abatement—*Merrill* v. *Coggill*, 12 N. H. 104.

We think, upon the authorities, that it should appear that the alleged erroneous judgment was recovered in a court of record.   In the *scire facias* before us, it is recited that the judgment was recovered " at *a court*, holden at Concord aforesaid," &c.   If it had said at the supreme judicial court, holden at Concord, we could then take judicial notice that this court is a court of record.   It need not be alleged, distinctly, that the court is a court of record, but it should be so alleged

that it may be seen that the court in which the erroneous judgment was recovered was a court of record. It does not so appear in this case. The defendants could not have understood what court was intended. The *scire facias* is therefore defective in this respect.

3. The third exception is substantially settled by the decision of the second objection just disposed of. There is no allegation that the court, whose proceedings are complained of, acted as a court of record. The *scire facias* is defective in this respect.

4, 5. The fourth and fifth exceptions must be overruled. Error in fact and error in law are not assigned together, and only one error in fact is assigned.

6, 7, 8. The *scire facias*, in the particulars referred to in the sixth, seventh, and eighth exceptions, corresponds with the assignment of errors, which is all that is required. If the assignment, which is in the nature of a declaration, is defective, the defendants can demur to it. The defect, if there be one, cannot be reached by a motion to quash, which is in the nature of a plea in abatement.

9. We do not perceive any contradiction between the assignment of errors in the *scire facias* and the record. It is perfectly obvious that where the error assigned is one of fact, it will not appear in the record. *Blanchard* v. *Wild*, 1 Mass. 342 ; *Gerrish* v. *Morss*, 2 Pick. 625. If it is meant that the record does not show that the original defendant was a minor under the age of twenty-one years, and therefore the fact that he was such minor cannot be assigned for error in fact, the answer is at once apparent, that if this be so, an infant, against whom a judgment had been recovered, upon arriving at his majority would be left without remedy.

10. It appears by the return upon the *scire facias* that it was served by the officers leaving an attested copy thereof at the usual place of abode of each of the defendants. If the copies he left were not true copies,—in other words, if he has made a false return,—and the defendants have thereby suffered damage, they have their remedy by action against him. The correctness of his return cannot be contradicted in this suit.

11. The writ was served November 17, 1873, by an attorney of this court, whom the sheriff on that day appointed special deputy to serve the same. Gen. Stats., ch. 197, sec. 21, provide that any writ or other process made by a sheriff or deputy sheriff for another person shall be void. There is no proof nor suggestion that the writ or other processes used in this suit were made by the officer, or that he has appeared or acted as counsel in this case. There is no ground, therefore, for pronouncing the service of the *scire facias* illegal or the writ void, although the practice of an attorney of the court accepting a special deputation to serve writs is not to be encouraged.

The second and third exceptions being well taken, the question arises whether the writ of error shall be dismissed and the plaintiff compelled to commence anew, or whether the mistakes can be rectified. In *Rochester* v. *Roberts*, 25 N. H. 495, it is said that, as " we have no

statute or written rule upon the subject, and hitherto no fixed practice in regard to the matter, the court were not inclined to visit the plaintiffs with a new ruling that would deprive them of their rights, if they had any upon the merits, by dismissing the writ." And we think that under the authority of that case—p. 504—we have the power, in the exercise of our discretion and for the purpose of preventing injustice, to allow the plaintiff in error to take a new _scire facias_, returnable at the adjourned term, to be holden on the 13th day of August next.

The defendants have also moved to quash the writ of error, and have assigned several reasons therefor. By the statute of 5 Geo. 1, ch. 13, which is in force in this state, all writs of error wherein there shall be any variance from the original record, or other defect, may and shall be amended and made agreeable to such record. And our own statute —Gen. Stats., ch. 207, sec. 8—is undoubtedly broad enough to allow of amendments. _Rochester_ v. _Roberts_, 25 N. H. 495. If there are such defects as these defendants allege in the writ of error, the plaintiff can, upon motion and proper terms, amend.

Waiving the question whether some of these alleged defects should not be reached by demurrer rather than by motion to quash, we will consider them in their order.

1. A writ of error is a writ of right, grantable _ex debito justitiæ_, without petition. _Pembroke_ v. _Abington_, 2 Mass. 142. No security is required. Suing out the writ does not operate as a _supersedeas_ in our practice. Howe's Practice 479. The court may, on motion of the plaintiff and upon reasonable ground being shown, issue a _supersedeas;_ in which case the plaintiff must give sufficient bond to the defendant to respond all damages and costs in case the judgment should be affirmed. _Ib._ 479; _Bailey_ v. _Baxter_, 1 Mass. 156. It is a judicial writ, and need not be endorsed. _Rochester_ v. _Roberts_, 25 N. H. 501; _Tracy_ v. _Perry_, 5 N. H. 172.

2. Inasmuch as neither the writ of error nor the assignment of errors sets forth the declaration in the original writ, and inasmuch as the writ of error is not the place to insert the errors—_Pierce_ v. _Adams_, 8 Mass. 383—we find nothing in the second reason that requires further notice.

3. The error assigned being one of fact, it would not appear in the record sent up to this court.

4. The discrepancy complained of can be obviated. The date of the writ, or the date of the judge's return thereon, should be amended to conform to the truth of the case.

5. The return upon the writ is in the language of the form as laid down in Howe's Practice 490, and we see no reason why it is not legal and sufficient.

6. The allegation that the judgment complained of was obtained against the plaintiff in error while he was an infant under the age of twenty-one years, that he had no guardian, and that no guardian _ad litem_ was appointed, would be good ground for reversing the judgment. All this is alleged, and appears in the assignment of errors.

7. A transcript of the record of the original suit and judgment is annexed to the writ of error, and the seventh reason is therefore not true in fact.

The motion to quash

*Must be denied.*

At the present term the defendants in error have submitted a verbal motion to dismiss the writ of error, because, at the time the writ was returnable, no transcript of the record was annexed to the writ. And it is admitted that the transcript was not annexed until January 5, 1874, some thirty days after the return day.

In *Rochester* v. *Roberts*, it is said, EASTMAN, J.,—"With regard to transcript, it is the duty of the plaintiff in error to cause it to be made, for the defendant in error cannot transcribe the record—1 Willson's Rep. 35 ; and if the record be not certified by the time that the writ is returnable, the defendant in error may, according to the English practice, give the plaintiff a rule to certify, which is an eight-day rule ; and if, after service of the rule, it be not complied with, the defendant in error will be entitled to judgment of *non pros.* 2 Cromp. Prac. 355 ; 3 Salk. 146 ; 2 Tidd's Prac. 1093."

In that case—*Rochester* v. *Roberts*—the transcript of the record was filed at the return day, because the defendant in error had not filed his papers in the court below so that the clerk could make up the judgment, and the court above allowed the plaintiffs in error, at a subsequent term, to file the transcript *nunc pro tunc.*

We are of the opinion that the court has the power, in the exercise of its discretion, to allow the transcript to be annexed subsequent to the return day. In this case, as the transcript seems to have been accidentally omitted by the clerk, and as no delay has been occasioned by the omission, the defendants never having appeared except specially, we do not feel called upon to dismiss the writ of error for the reason assigned in the motion.

The assignment of errors, however, appears to be defective in one particular not noticed by the defendant's counsel. There is no prayer that the erroneous judgment may be reversed. *Vide* forms in Story's Pl. 374–377. But an assignment of errors can be amended, even after the cause has been argued on error. *Bissell* v. *Spencer*, 8 Conn. 504. A default accidentally incurred in not assigning errors will be set aside. *Van Alstine* v. *Brower*, 1 Cow. 45 ; *Rochester* v. *Roberts, ubi supra.*

As none of the objections taken by the defendants go to the merits of the case, but are all technical in their character, we are not inclined, in the absence of a fixed practice on this subject, to visit the plaintiff with a ruling that would not practically benefit the defendants, since, were this writ dismissed, the statute of limitations would not operate to bar him from bringing another. But in order that our ruling in this case may not seem to encourage carelessness or negligence, we repeat the remark made by Judge EASTMAN, in *Rochester* v. *Roberts*, that " it

is unnecessary to say what our decision would hereafter be, should a similar motion be made founded upon like facts."

The plaintiff may amend his assignment of errors, or file a new assignment, for which there are ample forms laid down in Story's Pl., 2d ed., pp. 374–378, and he may take a new *scire facias* returnable on the 13th day of August next, to be served on the defendants at least fourteen days before the return day,—and it would be in accordance with the better practice to incorporate the assignment into the *scire facias*.

*This lease is granted,*

Upon terms that the plaintiff tax no costs for the December term, 1873, except for the writ of error, and clerk's fees for transcript of the record in case he finally prevails.

The plaintiff took out a new *scire facias*, returnable at the adjourned term on the 13th day of August, 1874, and caused the same to be served upon the defendants. Upon the return day, the defendants moved to dismiss the writ of error because the seal of the court was not affixed to the *scire facias*.

ISAAC W. SMITH, J. In *Hutchins* v. *Edson*, 1 N. H. 139, it was held that a writ of execution not under the seal of the court was void. But in *Parsons* v. *Swett*, 32 N. H. 89, doubt is expressed by PERLEY, C. J., whether the doctrine ought to be extended to writs of mesne process, unless the objection be seasonably taken.

All defects for want of form must be taken advantage of seasonably, or they will be regarded as waived. Before examining the papers in this case, we find that since the service of the *scire facias* upon the defendants, they have filed their plea in bar. It is clear that by so doing they have waived their objection to the want of a seal upon the *scire facias*, and the motion to dismiss

*Must be denied.*