Parker, C. J.,
delivered the opinion of the Court. The objection to the demandant’s title is, that, at the time his execution was *333 extended upon the land of Bartlet, the debtor, it was under mort gage, and therefore not capable of being extended upon in satisfac tian of an execution.
In the case of Warren vs. Childs, cited, in the argument, a doubt is expressed by Chief Justice Sewall, whether the provision by statute for the sale upon execution of rights in equity to redeem mortgaged land did not supersede the levy by extent and appraisement. He, however, seems to admit that this mode may be pursued, if the land be appraised without any deduction on account of the debt for which it is mortgaged.
It was so done in the present case; and we are of opinion that the demandant’s title is valid under the extent. The land is the property of the mortgagor, as to every person’s claims but the mortgagees. If the creditor chooses to take it subject to the mortgage, and without allowing any thing for the debt, there seems to be no reason against it. If he pays the debt, and takes a release from the mortgagee, his title will be complete. He may also be considered as assignee of the mortgagor, and will have a right to his bill in equity to redeem.

Tenant defaulted