The opinion of the Court was afterwards drawn up by
Parker C. J.
At the time of the levy of the execution ot Maynard against John Blanchard, there was no provision by law for the sale by the sheriff of rights in equity to redeem mortgaged lands, and yet by the 4th section of St 1783, c. 57, it was specially provided, that such rights might oe attached on mesne process, and taken on execution to satisfy a judgment against the mortgager. The practice under that statute was, to levy upon the land subject to the mortgage, deducting the debt from the appraised value ; so that the judgment creditor held the land subject to the mortgage, as the *54 debtor did before.[1] It would not have answered to levy, as was suggested5 upon the rents and profits, because the mortgagee might at any time have entered and ousted the creditor thereof, and then there was no means of obtaining satisfaction. It was not until years after this levy, that provision was made for the sale on execution of rights in equity taken on execution. 5 Dane’s Abr. 23, c. 136, art. 14, § 20. There was then in 1787 no way of satisfying a judgment from such rights in equity, but by appraisement, and of necessity the appraisers must have considered such incumbrances as were actually existing on the land, in their estimation of its value. The provincial statute of 8 Geo. 2, c. 5, was then in force, which required that equities taken on execution should be appraised.[1]
Regularly, the officer’s return, or the certificate of the appraisers, should set forth the incumbrance existing on the land which they estimated in their appraisement, but as the mortgage deed was then on record, and the provisions of that deed creat ■ ed an actually existing burden upon the land, it ought to be presumed at this distance of time, near forty years after the levy, that the incumbrance mentioned was occasioned by that deed.[2] If there were other incumbrances existing and not estimated, the loss was to the creditor and not the debtor.
The case of an attachment is very different from that of a charge upon the land by deed. None of the reasons given in the case of Barnard v. Fisher, 7 Mass. R. 75, apply in this case.

Demandants nonsuited.

 See Warren v. Childs, 11 Mass. R. 226; White v. Bond, 16 Mass. R. 400 Cushing v. Hurd, 4 Pick. 253.

 It is now provided by the Revised Stat. c. 73, § 31, that all rights of redeeming mortgaged real estates may be taken and set off on execution for debts of the mortgager or owner, in the same manner as the land might be taken and set off, if it were unincumbered; excepting, that the appraisers shall deduct the value of the incumbrance or the amount of the mortgage debt, when known, from the estimated value of the premises.

Under the Revised Stat. c. 73, § 31, it is necessary that the sum deducted en account of the incumbrance should appear in the return of the execution