## SCHUYLER SHEPARD *versus* HARRISON B. PRATT

Where a mortgagee is in possession, and a creditor of the mortgager extends his execution on the mortgaged land without regard to the mortgage, this is not an ouster of the mortgagee, although the legal seisin of the equity of redemption is thereby vested in the creditor.

TRESPASS *quare clausum.* Plea, the general issue.

At the trial, before *Putnam* J., it appeared, that Seth Shepard, by his deed dated December 28, 1826, conveyed to the plaintiff certain real estate, including the *locus in quo ;* that at the same time a bond was executed by the plaintiff, conditioned, that he should, on the payment of certain notes by Seth Shepard, the obligee, which had been signed by the plaintiff as his surety, reconvey such real estate to him ; and that the deed was recorded on February 22, 1828, and the bond, on November 4, 1829.

The plaintiff introduced evidence tending to show, that in

the spring of 1828, he entered and took possession of the <span style="float:right">Shepard</span>
premises. It also appeared, that in July 1829, the defendant, <span style="float:right">v.<br>Pratt.</span>
having recovered judgment in an action against Seth Shepard,
caused his execution to be extended on the land, without
regard to the mortgage, and took it on an appraisal, in which
no deduction was made on account of the incumbrance ; and
that the defendant entered upon the *locus* and cut the grass.

The defendant, in order to prove that the plaintiff had not
such a possession as would enable him to maintain this action,
introduced several witnesses who testified, that they observed
no difference in the occupation of the premises after the con-
veyance by Seth Shepard to the plaintiff. The defendant
also produced evidence, for the purpose of showing that the
conveyance was fraudulent.

The jury were instructed, that unless they were satisfied by
the evidence, that the plaintiff had possession of the premises
as alleged and contended for by him, their verdict must be for
the defendant ; but that if they were satisfied, that the plaintiff
had possession, their verdict must be in his favor, unless the de-
fendant had succeeded in his attempt to impeach the conveyance
on the ground of fraud ; and that of this, they were the judges.

The jury returned a verdict for the plaintiff.

The defendant moved for a new trial on the ground, that the
jury were misdirected in matter of law. If the instructions
were erroneous, the verdict was to be set aside, and a new trial
ordered ; otherwise judgment was to be entered on the verdict.

*Coffin* and *Pratt*, for the defendant. The jury should have <span style="float:right">*Oct.* 25th,<br>1832.</span>
been instructed, that the extent of the execution divested the
plaintiff of his possession, and that he could not maintain this
action without a reëntry. The defendant, by the extent, ac-
quired the equity of redemption, and the presumption was, that
he intended to redeem. *White* v. *Bond*, 16 Mass. R. 400.

*W. Baylies* and *Gilbert*, for the plaintiff.

MORTON J. delivered the opinion of the Court. The <span style="float:right">*Oct.* 27th<br>1832.</span>
plaintiff claims the *locus in quo* by a deed from Seth Shepard,
and the defendant, by a subsequent levy of an execution
against the same person. The only question to be decided
is, whether the plaintiff had such a possession as will enable
him to maintain this action.

The law upon this point is unquestioned    Possession is indispensable to the support of trespass *quare clausum fregit.* And after an ouster, no action can be maintained for a subsequent trespass, without a reëntry.    *Taylor* v. *Townsend,* 8 Mass. R. 411 ; *Starr* v. *Jackson,* 11 Mass. R. 519.

The plaintiff took a deed which has been found to be *bonâ fide,* and at the same time gave back a bond conditioned to reconvey upon the payment by Seth Shepard, of certain notes.   This constituted a mortgage.   More than a year afterwards the plaintiff procured his deed to be recorded.   The bond was not recorded till some time after the deed, nor till after the defendant's levy.   The bond was, of course, in the possession of the mortgager.   He might get it recorded when he pleased, or if he chose, omit it altogether.   No other person had any control over it.   And the mortgager's omission or neglect ought not to prejudice the mortgagee, or in any way to affect the validity of his mortgage, which, though .n an unusual, was in an unobjectionable, form.

The plaintiff, soon after the record of his deed, took possession of the *locus in quo,* as the jury have found ; for this was controverted and left to them.   While the plaintiff was in possession, the defendant levied his execution.   This, the defendant's counsel contend, ousted the plaintiff, so that without a reëntry he cannot maintain the present action.

The defendant extended his execution upon the land without regard to the mortgage, and took it on an appraisal of its full value, without any deduction on account of the incumbrance.   There can be no doubt that the levy was valid ; *White* v. *Bond,* 16 Mass. R. 400 ; and that it vested in the defendant all the estate of the judgment debtor ; which, as it was under mortgage, was only an equity of redemption. If the mortgagee had not then been in possession, it would have given to the judgment creditor not only the legal seisin, but the actual occupation, and a right to take the profits ; which would have continued until the mortgagee should enter. But his right of entry would not be affected by the levy ; and ne might take possession when he pleased, and hold it till his debt was paid, or the equity of redemption foreclosed.

But as the mortgagee had previously entered, and as his rights were prior and paramount to those of the creditor,

neither his title nor his possession could be disturbed b<sup> </sup>.he <span style="float:right">Shepard<br>v.<br>Pratt.</span>
extent of the execution. The defendant had a right to seize
and levy upon the mortgager's interest ; and therefore an
entry for that purpose was not a trespass. But such act
clearly did not oust the plaintiff. It was consistent 'with his
rights The defendant acquired an equity of redemption and
a legal seisin of it ; but this would not be incompatible with
the seisin and possession of the mortgagee. Before the levy
the mortgager could not enter without committing a trespass,
and the defendant could acquire no greater right than his
debtor had at the time.

The extent of an execution upon the land of a stranger
will not oust him ; but the extent, and every act done under
it, is a trespass. The plaintiff's estate and rights were as
much beyond the reach of the creditors of the mortgager,
as if his right of redemption had been foreclosed, or he had
otherwise parted with all his interest.

The questions of fact have been decided by the jury under
proper instructions from the Court, and judgment must there-
fore be entered on the verdict.