## KELLY *vs.* BURNHAM.

The interest of a mortgagee in land cannot be taken by levy on execution, unless, perhaps, where the execution is against both mortgagor and mortagee, and they concur in the choice of an appraiser.

The proper mode of securing the interest of a mortgagor in land, is by attachment and sale of the equity of redemption.

Where, however, on execution against the mortgagor, a levy is made on the whole estate, disregarding the incumbrance, it will be good against the mortgagor if the creditor so elects; but such levy can affect in no way the right of the mortgagee.

This was a writ of entry, to recover seizin and possession of certain land situated in Chester.

The land was originally owned by *Thomas Coffin;* and on the 17th of August, 1827, he *mortgaged* the same to *John Coffin*, to indemnify him for his liability as surety to said Thomas on a note to Merrimack County Bank, and a note to Moses Coffin; also, for the payment of a note of T. & E. Coffin to John Coffin.

In January, 1830, the defendant in this suit recovered judgment against said Thomas Coffin and John Coffin, Abraham Towle and Ephraim Kelly, and levied his execution on said mortgaged premises.

In making said levy the officer returned that he chose an appraiser for Thomas Coffin, one of the debtors; he being out of the state, in parts unknown, and not to be found; but there is no evidence of any notice given to John Coffin, the mortgagee of the premises.

The officer further returns, " That the land was shewn to him as the estate of the within named debtors," and was set off by him "as the estate of said debtors."

Subsequent to this, April 2d, 1830, Thomas Coffin conveyed his interest in the premises to Ezekiel H. Kelly, the father of the plaintiff, who died prior to the commencement of this suit, leaving the plaintiff and four daughters; and John Coffin, on the 28th of December, 1835, assigned to the plaintiff his mortgage, and endorsed to him his note; and the plaintiff also produced the note to Moses Coffin, not endorsed.

Upon this title the plaintiff brings his writ of entry, to recover the premises; and the defendant resists, on the ground of title acquired under his levy; and the questions arising upon the case were submitted to the decision of the court.

*Bell*, for the plaintiff.

*H. F. French*, for the defendant.

Upham, J. The tenant in this case claims to recover the demanded premises by virtue of conveyances executed to him by the mortgagor and mortgagee of the property. These conveyances are ineffectual to pass the land, provided the previous levy made on the same, on execution recovered against the mortgagor and mortgagee, is valid.

Ordinarily the interest of a mortgagee cannot be taken by levy upon execution. There may, perhaps, be an exception to this rule, where the execution is for the joint debt of the mortgagor and the mortgagee; and, on due no-

tice being given, they concur in choosing an appraiser; but the facts are different in this case.

It appears, by the officer's return, that the land was shown him as the estate of "the judgment debtors," and that it was "set off as the estate," but no notice was given them; and the only excuse assigned for such neglect is, that Thomas Coffin, the mortgagor, was without the state, and the officer chose for him an appraiser. This excuse does not apply to the mortgagee, and the levy is clearly void against him, as he was never in any manner a party to it, and was within the state at the time—so that notice might have been given to him.

The only question remaining in the case is, whether the levy can be sustained against the mortgagor.

Since the statute of July 3, 1822, the proper, if not the only mode, of securing for a creditor the interest of a mortgagor in land, is by attachment, and a sale at public auction of the equity of redemption. But in this case, the levy was not made on a mere equity of redemption; but the whole estate was set off as the property of the debtor, and was allowed in discharge of the execution. The levy, therefore, is well enough upon its face, and can prejudice no one except the creditor. If he is willing to lose the value of the incumbrance, and to take the estate as absolute in his debtor, there seems to be no reason against it. It is holden in Massachusetts, where they have a similar statute, that lands may be taken in this manner, on execution against the mortgagor, provided no deduction is made in the levy on account of the mortgage, and the creditor is willing to receive the land as unincumbered. 11 *Mass.* 222, *Warren* vs. *Childs;* 16 *Mass.* 400, *White* vs. *Bond.*

On these principles the tenant, then, in this case, can hold by means of his title under the levy the mere right of a mortgagor of the premises, and the plaintiff, who is assignee of the mortgagee, is entitled to judgment for the land, subject to the tenant's right in equity of redemption.

The amount of the conditional judgment will be the sum due on the note assigned to the plaintiff by John Coffin, and the amount of the note to Moses Coffin, now in the plaintiff's hands unendorsed, provided it is shown to have been paid by him prior to, and in consideration of, the assignment of the mortgage. On these conditions there should be

*Judgment for demandant.*