IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF OXFORD.

ARGUED AT MAY TERM, 1844.

---

The Pres't. &c. of the Franklin Bank *versus* Alden Blossom.

Where land situated within the limits of two adjoining towns is included in the same mortgage, an officer may lawfully advertise, sell and convey the right of the mortgagor to redeem the land lying within one of the towns only; and the purchaser will thereby acquire the right to redeem the mortgage by an entire performance of the condition thereof.

In giving a construction to the language used by an officer in his return of the sale of an equity of redemption, and in his deed thereof, the whole description of the land should be taken together; and effect should be given to every clause and word, if possible, in order to ascertain the intended meaning.

Where the officer's description of the land was,— " all the right in equity which the within named Jacob D. Brown, the debtor, had on the fourteenth day of December, 1835, of redeeming the following described real estate lying in Oxford, in the County of Oxford, mortgaged by said Brown to S. H. K. and J. F. a certain tract of land lying in Oxford aforesaid, containing about six thousand acres, (be the same more or less) to wit, all the lands lying in said town of Oxford, known by the name of the Craigie lands, being the same that were purchased of the heirs of the late Andrew Craigie, Esq. by said Brown and Samuel H. King, and afterwards deeded by said Brown to W. B. A. in two deeds, and recorded in the Oxford Registry of deeds, vol. 46, p. 426, 427, 428, 429, 430, to which record reference is to be had for a more particular description ;" — and where the lands described in the deeds referred to were situated partly in Oxford and partly in Hebron; *it was held*, that the description by the officer of the equity of redemption sold, embraced only the lands within the town of Oxford.

Case against the defendant, late sheriff of the County of Oxford, for an alleged default of J. J. Perry, then one of his

deputies. The writ, in the action wherein judgment was recovered and the execution issued, whereon the equity was sold, was not served by Perry. All the material facts appear in the opinion of the Court. It was agreed that the proper judgment should be entered by direction of the Court, and a nonsuit or default ordered.

*Codman & Fox*, for the plaintiffs, contended, that as the deputy did not advertise in Hebron, the town in which a portion of the mortgaged lands was situated, nothing passed by the sale or deed. *Grosvenor* v. *Little*, 7 Greenl. 376. The attachment on the writ was of all the right, title and interest of Brown, the debtor, within the County of Oxford; and as the interest was but that of an equity of redemption of a tract of land lying within two towns, it was the duty of the officer to advertise in both towns. When an officer undertakes to act, he should comply with the law. *Start* v. *Sherwin*, 1 Pick. 521; *Bond* v. *Ward*, 7 Mass. R. 126; 2 Kent, 466. And in the sale of an equity of redemption, the officer is liable to the creditor, or purchaser, if he does not perform all the acts required by law, and make return thereof. *Whitaker* v. *Sumner*, 7 Pick. 554; *Seaton* v. *Nevers*, 20 Pick. 454; *Harrington* v. *Fuller*, 18 Maine R. 279; *Kimball* v. *Davis*, 19 Maine R. 310.

The conveyance by the plaintiffs to Welch can make no difference. By an assignment of all rights under a deed, all incidents pass with the assignment. *Brown* v. *Maine Bank*, 11 Mass. R. 153; *Coverdale* v. *Wilder*, 17 Pick. 178; *Clark* v. *Clough*, 3 Greenl. 357; *Harriman* v. *Hill*, 14 Maine R. 127; *Smith* v. *Dutton*, 16 Maine R. 308; *Gibson* v. *Crehore*, 3 Pick. 482: *Carll* v. *Butman*, 7 Greenl. 104.

*Deblois* and *Howard* argued for the defendant in support of these positions.

1. Perry, the deputy of the defendant, has been guilty of no neglect, and committed no default in reference to the execution of the plaintiffs against Brown, and the sale of the equity thereon.

The deputy did not serve the writ, and thereby know what property was intended to be attached, and the return gave no information. It was not his duty to search the records and examine the title of the debtor to real estate. *Start* v. *Sherwin*, 1 Pick. 521; *Bacon* v. *Leonard*, 4 Pick. 282; *Littlefield* v. *Kimball*, 17 Maine R. 313. The officer legally advertised and sold all the land of the debtor in the town of Oxford, and gave a deed of the same property he sold, and the plaintiffs thereby satisfied their execution. Where a mortgage covers land in two towns, the right of redeeming the land in one town may be sold, and the purchaser will have the same rights as if he had purchased of the mortgagor one of two tracts of land included in the same mortgage. *Pomeroy* v. *Winship*, 12 Mass. R. 514. And so may redeem the mortgage.

2. The plaintiffs, by means of the sale of the equity, have received entire satisfaction of their judgment against Brown; and have in no respect been injured by any error or defect in the proceedings of the officer, who made the sale, if there be any; and cannot, therefore, maintain an action by reason of errors or defects, which have occasioned them no damage.

3. The attorney of the plaintiffs had full authority to direct the proceedings of the officer, and having done so, and the officer having complied with his directions, is not to be prejudiced. *Jenney* v. *Delesdernier*, 20 Maine R. 183.

The opinion of the Court was drawn up by

TENNEY J. — This action is for the recovery of damages for the alleged default of John J. Perry, the defendant's deputy. The writ contains four counts; the first, second and fourth are for losses, which the plaintiffs insist that they have sustained as creditors in the execution put into the deputy's hands against one Jacob D. Brown, by his neglect to cause the execution to be satisfied, and for a false return made thereon. The third sets out specially, the suing out of a writ in the name of the plaintiffs against Brown, the delivery of the same to an officer, the attachment of Brown's real estate in the county of Oxford, the entry of the action, and the obtaining

judgment and execution thereon; it then proceeds to allege, that the execution was seasonably delivered to Perry, that he seized the right in the real estate attached on mesne process, that he advertised the same for sale, that it was purchased by the plaintiffs, that he made return of his doings, and made, executed and delivered to them a deed of the right so sold; they then aver that the right in the land upon which the levy was made was advertised in such a manner, that they obtained no title by the sale and the deed, that the interest secured by the original attachment has been lost, and that they have derived no benefit from the judgment and execution.

The deeds introduced at the trial and referred to in the case, show that at the time of the attachment on the original writ, there was in the debtor, the equity of redemption of a parcel of real estate situated partly in the town of Oxford, and partly in the town of Hebron, in the county of Oxford, and that afterwards, and before the seisure of the same upon execution, the same had been conveyed by him. The execution being in Perry's hands within thirty days of the rendition of judgment, he undertook, from the right thus secured, to obtain satisfaction of the debt. The return states his doings, and shows, that for the right in equity of redeeming the lands therein described, the plaintiffs gave the full amount of the execution and all fees, were the purchasers of the interest sold, and that he executed and delivered to them a deed of the same. The case shows that they afterwards gave a quitclaim deed to one John H. Welch of all interest, which they derived from the sale and the deed of the officer, with no covenants, excepting against the claims of those, who might hold under them. Subsequently to this deed, they gave another confirming the first grant, and transferred, assigned and conveyed to said Welch, his heirs and assigns, all the covenants contained in the deed from Perry to them, with all the use, benefit and advantage of the same, to be recovered for his sole use and benefit; the consideration given by Welch to the plaintiffs was the full amount of the judgment, cost and interest; they are nominal plaintiffs only in the present suit, it being institut-

ed and prosecuted for the benefit of their grantee, who had constructive notice at least of all the facts upon which he now relies in support of his claim. Assuming that it is competent for him to prosecute in their name, and is entitled to all the rights which they held before the release, do the return upon the execution, and the officer's deed, fail to confer a title to the interest, which was supposed to be passed from the debtor to the creditors? The counsel for the plaintiffs contend for the negative, and rely upon the case of *Grosvenor* v. *Little,* 7 Greenl. 376, as decisive of the question. In that case, the Court hold, that in a sale of a mortgagor's right to land lying in two towns, notices must be posted up in both towns in order to constitute a valid transfer; but the land *described* in the return of the officer was in two towns; but in the case at bar, the defendant insists, that the land described in the return was situated in the town of Oxford only, and therefore that the authority is not applicable.

It is competent for a mortgagor to convey to different persons separate parcels of the mortgaged premises, and such conveyances will pass the interest of the mortgagor to each grantee, in the land therein described. *Crehore* v. *Gibson,* 5 Pick. 146. The same principle will apply to statute conveyances; as where several parcels of land are mortgaged in the same deed, a creditor of the mortgagor may cause the right in equity of redeeming one parcel only to be sold; and a part of a parcel of land incumbered with a mortgage may be set off on an execution against the mortgagor in possession without regard to the incumbrance, provided no deduction is made therefor, and in both cases the mortgagor's interest will pass to the creditor. *White* v. *Bond,* 16 Mass. R. 400. The mortgagee is entitled to receive on redemption the entire sum secured by the mortgage, and cannot be compelled to release to one holding a part only of the equity of redemption, that part, by a tender of that proportion of the debt, which upon a fair adjustment might be the sum due to free the part so held from the incumbrance.

If the return of the officer upon the execution shows that

the right in the land described therein was duly advertised and sold, a title thereto vested in the plaintiffs, and the execution and judgment are entirely discharged ; they have in such case received in money their whole debt and all costs. On the other hand, if the proceedings of the officer were not in conformity with the statute, no benefit was obtained by the plaintiffs from the purchase. If the land described in the return, and in the deed, which is identical, is upon a fair construction, situated entirely in the town of Oxford, the officer proceeded as he was bound to do, and the title was transferred ; but if the land lay partly in the town of Oxford and partly in the town of Hebron, he omitted to advertise the sale in a manner which the law required to make it valid. The land is described as being " all the right in equity, which the within named Jacob D. Brown, the debtor, had on the 14th day of December, 1835, of redeeming the following described real estate lying in Oxford, in the county of Oxford, mortgaged by said Jacob D. Brown to Samuel H. King of Oxford, in said county, gentleman, and John Foster of Cambridge, in the Commonwealth of Massachusetts, a certain tract of land lying in Oxford aforesaid, containing about six thousand acres (be the same more or less) to wit, all the lands lying in said town of Oxford, known by the name of the Cragie lands, being the same that were purchased of the heirs of the late Andrew Cragie, Esq. by said Brown and Samuel H. King, and afterwards deeded by said Brown to Wm. B. Abbott, in two deeds, and recorded in the Oxford Registry of Deeds, vol. 46, pages 426, 427, 428, 429, 430, to which record reference is had for a more particular description."

In giving a construction to the language used in the description of the land referred to in the return, the whole must be taken together ; effect must be given to every clause and word, if possible, in order to ascertain the intended meaning; the idea imported by the terms in one part, when standing alone, may be materially affected by the language of another part. If the lands had been only described as those, " mortgaged by said Jacob D. Brown to Samuel H. King and John Foster,"

and, "being the same, that were purchased of the heirs of the late Andrew Cragie, Esq. by said Brown and Samuel H. King, and afterwards deeded by said Brown to Wm. B. Abbott, in two deeds, and recorded in the Oxford Registry of deeds, vol. 46, pages 426, 427, 428, 429, 430, to which record reference is had for a more particular description," no doubt could exist as to the lands intended; there being no words to limit the meaning, no quantity short of the whole amount mortgaged by Brown, and described in the record referred to, could satisfy the language used; the description would be clear and perfect, and any thing farther would be entirely unnecessary, if the whole of the lands mortgaged was intended. When, however, the return and deed proceed farther, and represent the land sold as lying in the town of Oxford, and twice repeat the same, we are not at liberty to reject this limitation as destitute of meaning; on the contrary, it clearly manifests an intention in the officer, to confine the lands levied upon to that town; and this restriction by no means destroys the effect of other parts of the description, but materially qualifies them. The part lying in Oxford was "mortgaged" equally with the whole tract; it was the same land, so far as it was in the town of Oxford, which was described in the record to which reference was made, though it was not all the land embraced in that record. After the language, "to wit, all the land lying in said town of Oxford, known by the name of the Craigie lands," it was proper, if not necessary, to refer to the conveyance of the heirs of Andrew Craigie to Brown and King and the record of the deeds from Brown to Abbott, that no question should afterwards arise as to what was intended in the return by the lands known as the Craigie lands, situated in the town of Oxford; without reference to documents or records, the lapse of time might cause doubts and uncertainty, respecting the extent and boundaries of that land in the town of Oxford, known by the name of the Cragie lands. The quantity of land sold was six thousand acres *more or less*, which would apply to a part as well as to the whole of the lands "mortgaged," and "conveyed" as mentioned in the description.

The different particulars contained in the description do not conflict with each other, but seem appropriate to point out the lands intended with certainty. By the construction adopted, every part will have an important meaning, and the real object of all interested in the same will be effected. And the sale itself, which the officer, the plaintiffs and their grantee treated as a legal one, will be effectual.

*Plaintiff nonsuit.*