# CHESHIRE,

## JULY TERM, A. D. 1848.

---

## DUNBAR *v.* STARKEY.

A creditor, by an extent of his execution upon land of the debtor previously mortgaged, acquires the interest of such debtor in the land, if no account of the mortgage is made in the proceedings.

In an action by the mortgagee or his assignee, with notice, upon such mortgage, the party having such title by the levy, may be permitted by the court to come in and assume the defence.

WRIT OF ENTRY upon a mortgage made by the defendant to one Horace Starkey, and by him assigned to the plaintiff.

Ezekiel B. Pierce moved in the common pleas for leave to defend the action, upon the ground that since the date of the mortgage, he had acquired a title to the land as against the defendant, by the extent of an execution upon a judgment against him, the premises having been set off in part satisfaction of the judgment, and that there was evidence that the amount due on the mortgage (if any thing, in fact, was due,) was much less than the sum appearing upon the face of the note secured by it; that the plaintiff knew it, and that the defendant, Abel Starkey, had abandoned, or was about to abandon the defence. The foregoing motion was transferred to this court for decision.

*Wheeler*, for the plaintiff.

*Vose*, for Pierce, the petitioner.

WOODS, J. The land is the property of the mortgager as to every person's claim but that of the mortgagee. And if the creditor chooses to take it subject to such mortgage, without deducting from its value any thing on account of the debt, he may do so by an extent of his execution upon it, as upon unincumbered property. He then stands in the place of the mortgager, and is entitled generally to all his remedies and rights in regard to it. *White* v. *Bond*, 16 Mass. 400 ; *Kelly* v. *Burnham*, 9 N. H. Rep. 20.

The petitioner, Pierce, appears thus to have acquired all the interest of Abel Starkey in the land, and is, therefore, entitled to an account with the mortgagee, and to defend the possession against him, upon paying the amount, if any, which shall appear to be fairly due upon such accounting. It is surmised that the effect of the present action may be to defeat, or at least embarrass, the rights of the petitioner, by means of some collusion between the parties to it, or by an acquiescence on the part of the defendant, in claims of the plaintiff which are not well founded, and that the petitioner, who is the only party really interested in keeping down such claims to their just limit, ought to have leave to defend in the place of the mortgager.

He does not show that a judgment, rendered in this case without his privity, would conclude his rights. But that is not necessary. The motion is addressed to the discretion of the court, and may well be allowed if, upon the whole, it appear that justice will be promoted, and a circuity of actions be prevented by such a course. It is obvious that, by permitting the petitioner Pierce to defend, a judgment may be rendered in the case, which shall conclude all the parties, and avoid the necessity of further litigation to ascertain his rights. It is enough that the party proposing to appear has an interest in the question as to the amount of the incumbrance involved in the suit, whether that question would be conclusively determined, as to him, by the judgment, without his privity, or not. His interest in the

Dunbar *v.* Starkey.

question above, is a sufficient ground for the exercise of the discretion of the court in favor of his motion.

The principle upon which creditors are permitted to come in and defend, in an action against the debtor, in which a fraudulent attachment of property has been made, seems to justify the present motion. *Buckman* v. *Buckman*, 4 N. H. Rep. 319 ; *Webster* v. *Harper*, 7 N. H. Rep. 596.

No question being made as to the regularity of the levy, it is the opinion of the court that the motion ought to prevail.

*Motion allowed.*