CHIEF JUSTICE SIMPSON
delivered the opinion of the court:'
The appellant having sued the appellee for work and labor done on the streets of the city at the instance of the latter, and not having alleged in his petition any facts which authorized him to recover the value thereof, except the performance of the work, and having proved, on the trial, that the work was done under a special contract that he was to look to the lot-owners for payment, it is perfectly manifest that he could not recover against the city upon the cause of action set forth in his petition. It was decided, between the same parties, at the last December term of this court, “that where a contract is made by the city for such improvements, to be paid for by the property-holders, and stipulating that the contractor shall look to them for his pay, the presumption is that such measures have been adopted on the part of the city as to enable the contractor to enforce payment from the property-holders; and before he can go directly against the city, he must aver and show a neglect and failure on the part of the city authorities to observe the requisitions of the law making such property-holders responsible.” Consequently, there was no error in the instruction of the court that the jury, in that state of case, should find for the defendant.
*342 The question then arises, did the court err in refusing the plaintiff leave to file the amended petition which was offered by him after the court had given said instruction, but before the verdict had been rendered? The time at which the amendment was offered did not, under the circumstances, authorize its rejection; so that the propriety of the decision of the court in rejecting it, depends exclusively on the sufficiency of its allegations to show a cause of action against the defendant.
Although it set out the contract as made, yet it failed to allege either that the work had not been done on the petition of the owners of the larger portion of the property on the street which had been improved, or that the order of the city council under which the work had been done had not been made by the unanimous vote of all its members, or that the city council had failed in any respect to adopt such measures as were necessary to enable the contractor to enforce payment from the property-holders. Without averring a neglect and failure of the city authorities to observe the requisitions of the charter, making the property-holders responsible for the payment of the amount due to the plaintiff for the work he had done on the street, he did not show any right to maintain his action against the city, unless he alleged some other matters which rendered such an averment unnecessary.
The other matters alleged and relied upon as sufficient for this purpose are, that it was decided in an action brought by part of the property-holders on the street — in which action a writ of prohibition was sued out to restrain him from collecting the tax assessed by the city authorities to pay for the work done upon the street, to which action the city was a party— that the property-holders, who were plaintiffs in the action, were not liable for, and could not be subjected to the payment of the tax; and a judgment was rendered enjoining and prohibiting him from collecting it; which judgment, as he alleges, is still in full force and unreversed. The record and proceedings in that action were referred to and made part of the amended petition. The sum in controversy in this action is the amount that was assessed against the plaintiffs in that action as the *343 owners of lots fronting on the street on which the improvements had been made.
The first objection made to this amended petition is, that it does not contain such averments as show the plaintiff’s right to proceed directly against the city, instead of the property-holders, for the price of the work which' he has done under his contract with the city.
The plaintiff sets up and relies upon the judgment already mentioned as sufficient of itself to show his right to hold the city responsible. He only refers to the facts which the plaintiffs alleged in their petition, for the purpose of showing that the liability of the lot-owners to pay the cost of improving the street was the matter put in issue in that case by the parties, and decided by the court, and not for the purpose-of again putting them in issue in this case. The judgment having been rendered by a court of competent jurisdiction, is, whilst it remains unreversed, obligatory on all the parties to the action. It decides that the plaintiff cannot compel the lot-owners to pay him the price of that part of the work for which he brings this action against the city. That question having been decided, the averment of that fact dispenses with the necessity of making any other averments to show the plaintiff’s right to proceed directly against the city for the amount due him, and which was in contest in that action.
In the case already referred to between these parties, which was heretofore decided by this court, the same judgment and proceedings were read as evidence upon the trial, but were not set up and relied upon in the pleadings; and the judgment which the plaintiff recovered was reversed, because the petition did not contain such averments as showed a right in the plaintiff to hold the city responsible. The principle is well settled, that the cause of action must be alleged in the pleadings, and also be established by the proof. The latter, in the absence of the former, is wholly insufficient to sustain a judgment.
The second objection is, that the city council have no right or power to order streets to be paved, curbed, and macadamized, and appropriate money to pay therefor out of the general *344 revenue of the city. This objection contests the right of the plaintiff to maintain his action against the city under any circumstances, and is not confined to the facts alleged in the amended petition. It is based on the seventh section of the city charter, which, it is contended, imposes a limitation upon the general power of the city council in relation to the improvement of the streets of the city.
In the case already referred to between these parties, it was decided by this court that the city council of Covington has the power, incident to all such corporations, to improve the streets at the cost of the city; and that there is nothing in the section of the city charter relied upon, that either in terms or by implication restricts the exercise of this right.
The only part of the section relied upon as having that effect is the concluding proviso, which declares that the city council shall, by a vote of two thirds, have power to pay for the grading of the streets out of the city treasury. The object or meaning of this proviso is not very clear or certain. It does not require a vote of two thirds of the city council to authorize a contract to be made for the grading of the streets, where it is intended to make the city responsible, but only requires a vote of two thirds to pay for the grading out of the city treasury. It may have been intended to confer a power, but it was certainly not intended to limit the exercise of a power necessarily incident to such a corporation. It is the duty of the city authorities to keep the streets in proper repair; and if, as ai’gued, this provision in the charter was intended to restrict them to the mere grading of the streets, and to preclude them from having any other improvements made at the public expense, it would conflict with the general law which requires them not only to put, but to keep the streets in good repair. Such a construction should not, therefore, be given to it, but it should be construed to relate exclusively to the action of the city council in directing the payment to be made after the work has been done.
But it is immaterial, in a case like this, whether it was designed to operate as a limitation on the power of the city authorities to have the work done at the public expense or not. *345 The plaintiff was employed by the city council to do the work for the city, under an agreement that he should be paid for it when completed by a tax on the lot-owners. If the city has failed to adopt such measures as the charter requires to render the lot-holders responsible, it was not the fault of the contractor, and the city is liable for the violation of her implied undertaking, that the work should be paid for by the owners of the lots.
Another objection made to the amended petition is, that the record it relies upon shows that the judgment in that case, in favor of the lot-owners, was obtained principally on the ground that the street which was improved had never been dedicated to the city. It cannot be assumed from any thing contained in the record that the judgment was based upon that ground, or that the street upon which the improvements were made had not been dedicated to the city. If, however, the city intended to rely upon that matter as a defense to the action, she could only do it by answer, as the question would not arise on demurrer to the amended petition, and could not, therefore, be taken advantage of on a motion to file it.
We do not admit, however, that the city would not be liable to the plaintiff for the work he has done, even if it should appear that the street did not actually belong to the city. If the ground was used as a street, and the city treated it as such, and employed the plaintiff to grade, macadamize, and curb it, and the work was done bjr him under the supervision of its engineer, and the lot-owners are not responsible, the city ought to be. If the city council have abused the powers intrusted to them, they may thereby have rendered themselves liable to the city; but that does not constitute any reason why the latter should be exempt from liability on a contract which was made under a general power, by those persons upon whom the management of the affairs of the corporation has been conferred by the charter.
We are of opinion, therefore, that the plaintiff’s amended petition states facts sufficient to constitute a cause of action against the city, and that the court erred in not permitting it to be filed.
*346 Wherefore, the judgment is reversed, and cause remanded with directions to permit the plaintiff to file his amended petition, and for other proceedings consistent with this opinion.