## PHILANDER SOULE *versus* MOSES BUCK.

If an execution be returned satisfied by a levy upon the debtor's land, on which, unbeknown to the creditor, there was, and for a long time had been, an outstanding mortgage, duly recorded, for more than its value; the latter may, on *scire facias*, by virtue of R. S., c. 76, § 18, have the levy set aside and an alias execution issued for the amount of the original judgment.

R. S., c. 76, § 27, in nowise modifies or affects § 18; but the remedies provided in the two sections are independent and consistent.

ON REPORT.

*Scire Facias* brought under R. S., c. 76, § 18, requiring the defendant " to show cause why an alias execution should not be issued on" a judgment in favor of the plaintiff against the defendant, recovered before the S. J. Court for this county, at the January term, 1864. On Feb. 20, 1864, the first execution was levied upon a lot of land owned by the defendant and was returned by the officer as satisfied in full. The execution, together with the return thereon, was duly recorded within the time prescribed by the statute.

The plaintiff introduced a mortgage of the same premises levied on, from the defendant to one Shaw, dated Dec. 1, 1855, and recorded same month, together with evidence tending to show that the sum due on the mortgage was greater than the value of the land at the time of the levy, and that the plaintiff had no actual knowledge of the existence of the mortgage until a year after the levy. It also appeared that the mortgage was never foreclosed, but that possession under the same had been taken by the mortgagee, or one claiming under him.

The case was withdrawn from the jury and reported to the full Court, who were to render judgment according to the legal rights of the parties.

*A. W. Paine*, for the plaintiff.

*J. H. Hilliard*, for the defendant.

A creditor may waive his levy when the estate taken was

not the debtor's property or it could not be holden by the levy. R. S., c. 76, § 18. In the case at bar, the debtor owned the land, though under mortgage.

The mortgager is considered the owner against every body except the mortgagee until actual entry under the mortgage. *Goodwin* v. *Richardson*, 11 Mass., 473. "Actual entry" evidently means entry to foreclose. As between debtor and creditor, the land was the property of the former when levied upon; and, by R. S., c. 76, § 27, the creditor had the right to make his levy by appraisement whether the existence of the mortgage was known or unknown to the creditor at the time of the levy. *Brown* v. *Clifford*, 38 Maine, 212.

The creditor cannot be evicted, if he choose to protect it by redemption. The fact that he may have to pay the full value of the land to redeem does not change the law. He only pays for his negligence in not examining the record previous to his levy; but can recover the amount paid for redemption of the debtor, § 27. This levy is valid, § 27; and binds both creditor and debtor.

DANFORTH, J. — By the decision of this Court, in *Steward* v. *Allen*, 5 Greenl., 103, the plaintiff is entitled to the remedy he seeks. The facts in that case are the same as in this; and the statute then in force contained the same provisions as are found in c. 76, § 18, R. S. But it is said that § 27, of the same chapter, not then enacted, qualifies § 15 and prevents its operation in such a case as the one at bar. It is true that the section referred to provides another and a different remedy, but not necessarily an inconsistent one. The two sections are entirely independent of, and in no way connected with each other. The 27th does not in its terms purport to qualify, limit or restrain the other in any respect. The two are not in any sense antagonistic, but each can stand and have its full force and meaning, without, in the slightest degree, interfering with the other. The language in § 27, providing, in cases there referred to, that the levy

shall be valid, does not mean that the creditor shall be bound by it. He may waive it though valid, as he might do in certain cases under § 18. The meaning is, that notwithstanding his ignorance of the mortgage he *may* still avail himself of his levy, and recover of the debtor the amount paid to the mortgagee.

This section is a reënactment of § 32, c. 94, R. S. of 1841. By referring to that statute, we find the words, "still, the creditor shall hold the premises by virtue of his levy," &c., plainly indicating a choice given to the creditor, as to whether he would retain his levy or otherwise. There is no indication that the Legislature intended to change the meaning by a change of language, and a fair construction of the words will show that they have not done so. This provision was undoubtedly made for the benefit of the creditor. Previous to that, a levy made upon land under mortgage, could only be sustained, when the return shew that the creditor elected to disregard the incumbrance. When it was unknown, this could not be done; therefore, in such cases, the levy was void. *Steward* v. *Allen*, above cited; *Litchfield* v. *Cudworth*, 15 Pick., 23; *White* v. *Bond*, 16 Mass., 400; *Brown* v. *Clifford*, 38 Maine, 212. Hence, as the law formerly was, if the creditor overlooked a mortgage, on which the amount due was but small in proportion to the value of the land, still he would lose his levy and often his debt. To avoid this, the statute was passed to enable him, if he chose, to retain his levy and at the same time to recover of the debtor what he might be obliged to pay to relieve his land. But, if we give the statute the force contended for by defendant's counsel, it would often be a hardship rather than a benefit, for, in the case at bar, as in all similar cases, when the mortgage debt exceeds the value of the estate levied upon, the creditor must either lose his debt or increase it, perhaps largely, and take his chance of recovering it of a debtor of at least doubtful responsibility. This construction of the statute would be contrary to its general scope and policy, and is not required or

even sustained by its terms. It follows that a creditor may avail himself of either section, when his case comes within its provisions.

> *Judgment for Plaintiff. — Levy set aside,*
> *and an alias execution to issue for the*
> *amount due on the original judgment.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.