## CITY OF COVINGTON *v.* HERMAN HASKAMP'S EX'R.

**Municipal Corporations—Construction of Sidewalks—Liability of City.**
  Where a contractor undertook, by special contract, to look to the lot owners for payment under an improvement contract for the construction of sidewalks, he cannot recover against the city unless he avers and shows by the evidence that there was a failure and neglect on the part of the city authorities to observe the requirements of the law in making the property holders liable for the cost of the improvements.

APPEAL FROM KENTON CIRCUIT COURT.

February 17, 1874.

OPINION BY JUDGE PETERS:

This action was brought by appellee, executrix of Haskamp, deceased, against S. J. Walker and the city of Covington for improving, by grading and paving the sidewalks fronting and adjacent to certain lots of S. J. Walker in said city on Philadelphia street, between 5th and 7th streets in the city of Covington.

Walker and the city both demurred to the petition; that of the city was overruled, as was that of Walker, and they both filed answers. Subsequently the court seems to have reconsidered the demurrer of Walker, and sustained it; and appellee tendered an amended petition which the court refused to permit her to file, and then dismissed the petition as to Walker, and rendered judgment in favor of plaintiff below against the city for the amount claimed; and it has appealed. It does not appear that Walker specified any special grounds of objection to the petition, and he must therefore be regarded as objecting to the petition on the grounds that it did not state facts sufficient to constitute a cause of action. Sec. 121, Civil Code. But as Walker is not a party to this appeal, the question whether the facts stated in the petition constitute a cause of action against him will be considered incidentally, and only so far as may be absolutely necessary in determining the rights of appellant and appellee.

For the purposes of the demurrer it is admitted that by an ordinance of the city properly passed, the sidewalks on Philadelphia street, between 5th and 7th streets, were required to be graded, paved, widened and repaired to the full width of said sidewalks, by the owners of the property fronting and adjacent thereto, within thirty days from the passage of said ordinance; and if not done within the period named, the city engineer was to advertise for proposals to the lowest bidder for doing said work, of all which Walker had due notice; that Walker failed to make said improvements within the time prescribed, or at any other time; that the city engineer, after the expiration of the thirty days, did advertise for proposals for doing the work; that Herman Haskamp put in the lowest and best bid therefor, which was accepted; and he entered into a written contract with the city for the completion of said work, and to look to and take from the said Walker for payment for the improvement fronting his lots; that Haskamp immediately commenced the work, and completed it within the time pre-

scribed; that it was done in a workmanlike manner, and in all respects according to the requirements of the contract; that the work was measured by the city engineer, and estimated and received by him; that he reported the same to the city council; that his report was received, and adopted by it; wherefore, that it passed an ordinance by which the cost of said work was apportioned among the owners of lots abutting said improvements, ordered them to pay the same, and appointed said Haskamp to collect the money; that the defendant, Walker, was, and is the owner of lots Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12, fronting, in the aggregate, 566 feet on the west side of Philadelphia street in Walker's subdivision, between 5th and 7th streets; that said Haskamp did, in front of said lots of said Walker, put 647 square yards of paving on the sidewalks at the price of sixty-five cents per square yard, and he did grading in front of the same lots to the extent of 196 cubic yards at ten cents per yard, amounting in the aggregate to $440.35.

All the proceedings of the council, with the written contract between appellee's testator and it, the obligation of testator for the faithful performance of the work, the report of the engineer, the assessment warrants, etc., are filed with the petition as exhibits, and made part thereof. The ordinance directs the material with which the pavement is to be made, and provides that the improvements required to be made shall conform in all respects to the provisions of the standing ordinance of March 25, 1863, regulating the construction and repairing of sidewalks, and be done under the supervision of the city engineer and committee of internal improvements of the city council, and at the cost and expense of the owners of all lots and parts of lots fronting or abutting said work, to be ascertained and assessed against the lots and parts of lots according to front feet and the provisions of the city charter, and amendments thereto. And by the terms of the contract made by appellee's testator with the city council, the cost of the improvements, when completed by him, was to be levied on the lots or ground fronting on said improvements; and in case the same be levied in accordance with the charter of said city, he bound himself to collect the amount assessed of the owners of the lots aforesaid, and receive the same in satisfaction of his demand for the work.

Having undertaken by a special contract to look to the lot owners for payment for the improvement, it is manifest that appellee cannot recover against the city unless she avers and shows by evidence,

33

if the facts be controverted, a failure and neglect on the part of the city authorities to observe the requisites of law,. making the property holders liable for the cost of the work.

*Kearney v. City of 'Covington,* 1 Met. 339. The averments necessary to charge the city are not made in the petition, and its demurrers, therefore, should have been sustained. Whether or not the facts stated constituted a cause of action against Walker, we cannot decide, as no appeal is prosecuted on the judgment sustaining his demurrer to the petition. But for the reason stated the judgment against the city of Covington in favor of appellee is reversed, and the cause is remanded with directions to permit appellee to amend her petition if application should be made therefor in reasonable time and for further proceedings consistent herewith.

*Jno. P. Harrison, for appellant.*

*Simmons, for appellee.*