SENECA PETTEE *vs.* JOHN W. PEPPARD.

Suffolk.    March 6. — July 19, 1878.    COLT & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 103, §§ 33, 34, if two parcels of land, one subject to a mortgage and the other not, are taken on execution as the property of a debtor, it is not incumbent on the appraisers to deduct the mortgage debt; the levy is not invalid because both parcels are appraised together as one estate, and no deduction is made from the appraisal on account of the mortgage; and the fact that the creditor supposed that the mortgage had been paid and failed in an attempt to contest its validity does not invalidate the levy on the other lot.

WRIT OF ENTRY to recover a parcel of land in Boston. Plea *nul disseisin.* After the former decision, reported 120 Mass. 522, the case was submitted to the Superior Court on agreed facts, in substance as follows :

The demandant claims the demanded premises by levy on execution, on February 4, 1874, against Henry K. Appleton, the attachment being made on June 28, 1871.

On November 9, 1857, William E. Blanchard, who then owned a portion of the demanded premises, mortgaged this portion to Elizabeth Child; and on July 5, 1864, conveyed this estate subject to the mortgage, which the grantee was to assume and pay, to Henry K. Appleton. He also conveyed to him in the same deed a small parcel of land adjoining, 'which he had acquired since the date of the mortgage, and which was not included therein. On October 8, 1869, Child assigned the mortgage to Elizabeth Batterman, who died testate, and said Ap-

pleton was duly appointed executor of her will. After verdict had been rendered against Appleton in the action in which the land was attached, but before final judgment, Appleton, on August 20, 1873, entered on the mortgaged premises, for breach of condition of the mortgage, and on October 20, 1873, assigned the mortgage to the tenant, who paid full value for it, and the proceeds were used to pay legacies of the testatrix. Since the assignment, the tenant has received rent, paid taxes and made repairs.

The levy of the execution was upon the mortgaged lot, and upon the small lot adjoining, describing them by metes and bounds as one lot, as though unincumbered, and nothing was deducted from the appraisement on account of any amount due upon the mortgage. At the time of making the levy, the judgment creditor knew of the mortgage, but considered and treated it as paid, as contended at the former trial.

The demandant now claims title only to the small lot not covered by the mortgage. The tenant contends that, as no deduction was made for the mortgage in the proceedings under the levy, the proceedings were invalid and the demandant acquired no title thereunder. Such judgment was to be entered as to the court should seem proper.

*Gardner*, J., ordered judgment for the demandant for the small lot; and the tenant appealed to this court.

*W. F. Slocum*, for the demandant.

*A. A. Ranney*, for the tenant.

AMES, J. It is well settled that a mortgaged estate may be levied upon and set off by metes and bounds in the same manner as if it were not so incumbered, provided the creditor is content to take it subject to the incumbrance. It is manifest that in this case the judgment creditor acted upon the assumption that the mortgage had been paid in effect and that he intended to contest its validity. No deduction was made from the appraised value of the estate on account of the existence of the mortgage, but the entire estate was appraised and set off at its full valuation towards the satisfaction of the execution. The existence of the mortgage would not prevent the debtor's freehold estate and interest in the land from passing by the levy. *White* v. *Bond*, 16 Mass. 400. *Mechanics Bank* v. *Williams*, 17

Pick. 438. *Root* v. *Colton*, 1 Met. 345. The fact that the creditor was mistaken in his assumption that the mortgage had been paid, and, therefore, failed in his attempt to contest its validity, would have no effect to defeat the levy on land not included in the mortgage. " If one conveys by deed more land than he owns, the deed is good for what he does own. So if an execution be levied upon one hundred acres, and the debtor had a title but to fifty, the levy is good for the fifty." *Atkins* v. *Bean*, 14 Mass. 404. *Castle* v. *Palmer*, 6 Allen, 401. *Mechanics Bank* v. *Williams*, 17 Pick. 438. *Root* v. *Colton*, 1 Met. 345.

We cannot agree with the argument in behalf of the tenant that either § 33 or § 34 of the Gen. Sts. *c.* 103 makes it imperative upon the appraisers to deduct the mortgage debt, in any case where the creditor chooses to make the levy without such deduction. The fact that some of the parcels of land levied upon were mortgaged and some were not does not impair the validity of the levy, even if all were included in one appraisal. *Hannum* v. *Tourtellott*, 10 Allen, 494. Gen. Sts. *c.* 103, § 6. As to so much of the land levied upon as was not included in the mortgage, viz., the smaller lot, the demandant is entitled to judgment.

*Judgment affirmed.*