LEWIS COWLES *vs.* SARAH A. DICKINSON & another.

Hampshire.    Sept. 16, 1885. — Jan. 5, 1886.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

A., in fraud of his creditors, conveyed land to B., and B. mortgaged the land to C., who took the mortgage without notice of the fraud and for a valuable consideration. After the mortgage deed was recorded, a creditor of A. levied upon and sold "all the right, title, and interest of A. in the land." *Held,* that the levy and sale were valid, under the Pub. Sts. c. 172, § 27.

WRIT OF ENTRY, dated February 2, 1885, against Sarah A. Dickinson and Edmund N. Dickinson, to recover a parcel of land in Amherst. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Barker,* J., who reported the case for the determination of this court, in substance as follows:

The land in controversy was conveyed by Edmund N. Dickinson, through one Pease, to Sarah A. Dickinson, his wife, by a conveyance which was claimed to be fraudulent as against said Dickinson's creditors. This conveyance was completed by deeds acknowledged on May 11, 1882, and recorded, one on the 12th, and the other on the 13th of the same month.

Sarah A. Dickinson mortgaged said premises to L. D. Hills for $1500, by deed dated April 22, 1884, and acknowledged and recorded on the same day, and there was evidence tending to show that Hills paid said $1500 to Sarah A. Dickinson, and it was not contended by the demandant that there was any knowledge by or notice to Hills of any fraud in the conveyance from Edmund N. Dickinson, or of any defect in the title.

The premises were attached by special attachment as the property of Edmund N. Dickinson, on a writ in favor of Lewis

Cowles against said Dickinson, dated April 24, 1884, and said attachment was made on said April 24, and was recorded on said April 25.

Judgment for $748.48 was recovered in said suit, on November 8, 1884. Execution issued thereon on the 18th of the same month, and, by virtue of the execution, G. B. Gallond, a deputy sheriff, sold the land in controversy by auction, in Amherst, on January 28, 1885, to the demandant, Lewis Cowles, for the sum of $785.10.

The levy set forth, that on December 6, 1884, the officer "took all the right, title, and interest which the within named Edmund N. Dickinson had on the 24th day of April, 1884, the day when the same was attached on mesne process, in and to the following described real estate," and that on January 28, 1885, he "sold said right, title, and interest by public auction."

The sheriff's deed conveyed "said real estate, and all right, title, and interest that the said Edmund N. Dickinson had therein on the 24th day of April, 1884."

The tenant contended, and asked the judge to rule, that the demandant was not entitled to recover because of the insufficiency of the attachment, levy, and sale, because of the failure of the demandant to attach, levy, and sell, as such, the right to redeem said premises from the mortgage to said Hills.

The judge refused so to rule, and found as a fact that the conveyance by Edmund N. Dickinson was fraudulent as against his creditors, and ordered judgment for the demandant. If the ruling was right, the judgment was to stand; otherwise, such order to be made as should be deemed just.

*J. I. Cooper*, for the tenants.

*W. Hamlin & F. E. Paige*, for the demandant.

DEVENS, J. At the time of the levy by the sheriff upon the demanded premises by sale thereof, there was a valid mortgage thereon. The sheriff offered for sale and sold "the real estate, and right, title, and interest in the same that said Edmund N. Dickinson had on the 24th day of April, 1884." The record title was in the name of Sarah A. Dickinson, and the conveyance to her by Edmund N. Dickinson was claimed to be fraudulent as against his creditors.

The tenant requested the judge to rule, that the demandant was not entitled to recover because of the insufficiency of the attachment, levy, and sale by reason " of the failure of the demandant to attach, levy, and sell, as such, the right to redeem said premises from said mortgage," which was to one Hills.

Notwithstanding the provision for the sale of the equity of redemption in mortgaged lands on execution, it has long been settled that a mortgaged estate may be levied upon and set off by metes and bounds in the same manner as if it were not so incumbered, provided the creditor is contented to take it subject to the incumbrance, no deduction being made on account of its existence, but the entire estate being appraised and set off at its full valuation towards the satisfaction of the execution. *White* v. *Bond*, 16 Mass. 400. *Pettee* v. *Peppard*, 125 Mass. 66. Such a course might sometimes be conveniently adopted when the execution creditor believed the mortgage to have been paid, or for any other reason desired to contest its validity. By making a sale of the equity of redemption, the validity of the mortgage would be conceded, and the creditor or purchaser could not contest it, as he had purchased subject to it. *Russell* v. *Dudley*, 3 Met. 147. He could not claim an estate or interest larger than that which he had purchased. If a levy was made upon an estate as if unincumbered, and the mortgage proved to be valid, there was no reason why the levy should not be good for such estate or interest as the debtor had at the time therein. The debtor was the gainer to the amount of the mortgage, by reason of the fact that its value had not been deducted, and could have no possible ground of complaint.

By the Pub. Sts. c. 172, § 27, (St. 1874, c. 188,) the right which had long existed to sell the equity of redemption in mortgaged lands was extended in favor of any creditor where the land itself was taken to satisfy his execution, and such land might be sold "in like manner as the right to redeem mortgaged lands is now sold." "The land itself may be conveyed," says Mr. Justice Endicott, "or the right, title, and interest of the debtor in the same may be conveyed, and if the latter form of deed is used by the officer, such estate as the debtor had in the premises at the time of the attachment would pass." *Woodward* v. *Sartwell*, 129 Mass. 210.

In the case at bar, the creditor caused "the real estate, and all right, title, or interest in the same," to be sold. He recognized in no way the existence of the mortgage. If it has proved a valid security, it is the loss of the purchaser, and not of the debtor, whose property has been dealt with in the sale as if it were unincumbered. A levy by sale of an estate, and of the debtor's interest therein, with no allowance for, or notice taken of, incumbrances, should certainly convey all the interest the debtor has, as completely as if there had been a levy by extent. *Woodward* v. *Sartwell, ubi supra. Bell* v. *Walsh,* 130 Mass. 163.

The tenant further contends, that, as the demandant must concede, upon the case as it now appears, that he is entitled only to an equity of redemption, his evidence will not sustain this action, which is a writ of entry. No such point was made at the trial, but the tenant's position is, that, where an objection to the plaintiff's recovery appears which cannot be removed by further proof, the court will treat the objection as open. *Slater* v. *Rawson,* 1 Met. 450. Without discussing this, if the tenant is entitled to the benefit of a hearing upon his contention, it is one that cannot be successfully maintained. The demandant in a real action must recover, indeed, on a legal, and not a merely equitable title. *Raymond* v. *Holden,* 2 Cush. 264. *Packard* v. *Marshall,* 138 Mass. 301, 303. The interest of a mortgagor is regarded as a legal estate, although termed an equity of redemption. As between the mortgagor and mortgagee, and so far as is necessary to give effect to the mortgage as a security for the performance of the condition, it is considered a conveyance in fee, but for all other purposes the mortgage is treated as a mere charge or incumbrance, which does not devest the estate of the mortgagor. He is seised so that he can convey subject to it; he may make a second mortgage; his estate may be attached and levied upon; it is subject to dower or curtesy; the mortgagor may devise or lease it; and generally he has all the rights of an owner except so far as is necessary to give effect to the mortgage. *White* v. *Whitney,* 3 Met. 81. In *Willington* v. *Gale,* 7 Mass. 138, it was held that the purchaser of an equity of redemption, sold by the sheriff on execution, pursuant to the St. of 1798, *c.* 76, obtains by such sale a legal seisin of the land, and may maintain a real action against any stranger, unless such

stranger had in fact disseised the mortgagor before the sale of the equity. His claim is subject only to that of the mortgagee or his assigns, should they enter. In *Snow* v. *Stevens*, 15 Mass. 278, it is said by Chief Justice Parker, that an equity of redemption is in fact a legal estate " against all but the mortgagee and those holding under him. For he that is seised of it may maintain his writ of entry, or his action of trespass, against any stranger."                                        *Judgment for the demandant.*