CHARLES BAKER & another *vs.* DAVID L. BRADT.

Worcester.    September 30, 1896. — February 27, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Mortgage — Covenant of Warranty in Deed — Attachment —
Foreclosure — Action.*

A. conveyed land to B. by a deed which, in the covenant against encumbrances, excepted a mortgage of a certain sum to a third person, but the covenant of warranty was absolute. There were in fact then outstanding two mortgages held by such person amounting to the sum named. B. on the same day executed a mortgage of the land for a smaller sum, containing a power of sale, to A. While the three mortgages were outstanding, C. attached the land as the property of B. A. then sold the premises under the power in his mortgage, for breach of condition, subject to the two prior mortgages, which were afterwards discharged upon payment by the purchaser to the mortgagee. Subsequently to the sale, C. recovered judgment against B., the execution issued thereon was levied on the land, and a deed was made to C. of all B.'s title in the premises on the date of the attachment. *Held,* that C. could not maintain an action against A. for breach of the covenant of warranty in the latter's deed to B.

CONTRACT, for breach of the covenant of warranty in a deed of land in Lowell, made by the defendant to Willoughby Ford. Trial in the Superior Court without a jury, before *Bishop, J.,* who ruled that the plaintiffs were not entitled to recover, and ordered judgment for the defendant; and the plaintiffs alleged exceptions. The facts appear in the opinion.

*T. G. Kent,* for the plaintiffs.

*R. B. Dodge, Jr.,* for the defendant.

LATHROP, J.    This is an action of contract for breach of a covenant of warranty contained in a deed of land executed by

the defendant to one Ford on July 14, 1893. The deed in the covenant against encumbrances excepted a mortgage of $1,600 to Garrett J. Bradt, but the covenant of warranty was absolute. There were in fact then outstanding two mortgages held by Garrett J. Bradt, as guardian for certain minors, one for $1,000, and the other for $600. Ford on the same day executed a mortgage of the land to the defendant to secure the payment of $711, payable on demand.

On September 20, 1893, the three mortgages being still outstanding, the plaintiffs attached the land as the property of Ford, and on May 7, 1894, recovered a judgment against him, on which an execution was duly issued. On May 26, 1894, the land was seized on the execution, and on July 14, 1894, a deed was made to the plaintiffs of all the right, title, and interest which Ford had on September 20, 1893, in the premises.

The mortgage from Ford to the defendant contained a power of sale. There being a default, the defendant, on November 22, 1893, sold the premises, in pursuance of the power, to George A. Hilton, Jr., for $50. The notice contained the clause, " This estate will be sold subject to two prior mortgages of $1,600, and any unpaid taxes and liens for taxes assessed on the same." The estate was duly conveyed to Hilton, subject to the two mortgages for $1,600.

Garrett J. Bradt subsequently died, and the defendant was appointed guardian in his stead; and on November 20, 1894, he received from Hilton the sum due on the two mortgages, and discharged them.

On November 21, 1894, Hilton mortgaged the land to one Bigelow for $2,500, with full covenants.

On these facts the justice, who heard the case without a jury, ruled that the plaintiffs were not entitled to recover.

We are of opinion that this ruling was right. It is true that the covenant of warranty passed to Ford by the deed from the defendant, notwithstanding the exception in the covenant against encumbrances contained in the same deed. *Estabrook* v. *Smith*, 6 Gray, 572. *Ruggles* v. *Barton*, 16 Gray, 151. *Furnas* v. *Durgin*, 119 Mass. 500. It is also true that the mortgage deed from Ford to the defendant, made on the same day, did not reconvey to the defendant all of the interest which Ford took by

the covenant of warranty. The effect of the deed was to reconvey to the defendant so much of the warranty as was necessary to protect his title as mortgagee, leaving the benefit of the rest of the covenant in Ford. *White* v. *Whitney*, 3 Met. 81. *Cowles* v. *Dickinson*, 140 Mass. 373, 376.

The plaintiffs by their attachment and the subsequent deed to them, took all of the rights which Ford had. If, therefore, Ford or the plaintiffs had paid the mortgage of July 14, 1893, the plaintiffs undoubtedly would have become entitled to maintain an action against the defendant for breach of the covenant of warranty, in case of an eviction. *White* v. *Whitney*, *ubi supra.* But the mortgage to the defendant was prior in time to the attachment. The foreclosure of this mortgage devested any rights which the plaintiffs had to the land by virtue of their attachment. The covenant was one running with the land, and not a personal covenant to any one but Ford. As there was no title to the land left in Ford when the plaintiffs took their deed, they cannot maintain this action. See per *Shaw*, C. J., in *White* v. *Whitney*, 3 Met. 81, 87, 88.

The plaintiffs, however, contend that the defendant had no right as against Ford to foreclose in the manner he did, namely, by selling subject to the two prior mortgages. But the defendant, as we have already stated, was vested with the covenant so far as it was necessary to protect his title, and had a right to sell as he did.                                   *Exceptions overruled.*