MARY R. COVELL *vs.* ALICE J. MATTHEWS & another.

Middlesex.    November 19, 1923. — November 22, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Writ of Entry. Mortgage,* Of real estate.

The owner of real estate which is subject to two mortgages in the statutory form has a title of such a nature as to enable him to maintain a writ of entry against a disseisor.

WRIT OF ENTRY, seeking possession of property in Arlington. Writ dated May 29, 1923.

In the Land Court the facts were agreed upon and the action was heard by *Corbett,* J. Material facts were as follows: The premises in question, after foreclosure of a mortgage, were conveyed to the demandant subject to a mortgage. The demandant thereupon placed upon the

premises a second mortgage. These two outstanding mortgages were in the usual statutory form and were upon the premises at the date of the writ. The tenants had no right, title nor interest in the mortgages and were strangers thereto.

The tenants moved that a finding be entered in their favor. The motion was denied. They then asked for the following rulings:

" 1. Upon all the evidence the demandant is not entitled to recover.

" 2. The evidence is not sufficient to justify a finding that the demandant has title to any interest in real estate sufficient to enable her to maintain this writ of entry.

" 3. The evidence is not sufficient to justify a finding that the demandant is the owner of the interest in real estate which in her writ she claims to own and, therefore, by reason of the variance, the demandant is not entitled to recover."

The judge ruled that the demandant had such an estate as was required to maintain a writ of entry and was entitled to judgment; and he ordered judgment for the demandant. The tenants alleged exceptions.

The case was submitted on briefs.

*A. L. Richards,* for the tenants.

*J. F. Cavanagh & P. A. Hendrick,* for the demandant.

BY THE COURT. This is a writ of entry. The decisive question is whether the demandant, being the record owner, is prevented from prevailing because of a mortgage on the locus. It was decided in *Cowles* v. *Dickinson,* 140 Mass. 373, that the title of a mortgagor, although termed an equity of redemption, was a legal estate of such nature as to enable its owner to maintain a writ of entry against a disseisor. That authority is conclusive against every contention of the tenant. *Crowley* v. *Adams,* 226 Mass. 582. Compare *Covell* v. *Matthews,* 245 Mass. 135.

*Exceptions overruled.*